UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

MDL No. 2173

_____/   CASE #:   8:10-md-2173-T-27EAJ
                                              8:10-cv-1825-T-27EAJ
                                              8:10-cv-1840-T-27EAJ
                                              8:10-cv-1850-T-27EAJ
                                              8:10-cv-1852-T-27EAJ

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER PURSUANT
TO 28 U.S.C. § 1407(a) AND ORDER REQUIRING ELECTRONIC FILING**

1.   This Order shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to their Order, as well as all related actions originally filed in this Court or transferred or removed to this Court. These actions are listed in Schedule "A" attached hereto. This Order shall also govern the practice and procedure in any tag-along actions transferred to this Court by the Judicial Panel on Multi-District Litigation pursuant to Rule 7.5 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer Order by the Clerk of this Court or otherwise transferred or removed to this Court.

2.   The actions described in paragraph (1) of this Order are coordinated for pre-trial purposes.

3.   All pleadings or papers shall be filed electronically. No copies will be necessary. All pleadings filed in these actions shall bear the identification "**MDL Docket No. 2173**," and when any pleading relates to all cases, the MDL docket number shall be followed only by the notation "ALL CASES." If a pleading does not relate to all cases, the individual docket number assigned by the Clerk of this Court (as listed in Schedule "A" attached hereto) to the case to which the pleading relates shall also be listed. If a pleading relates to five or fewer cases, the abbreviated caption of each of case may be listed opposite its number.

## *NOTICE*

All attorneys appearing before this Court shall begin using the Court's paperless electronic filing system (CM/ECF) within thirty (30) days of their appearance in any case pending before this Court. Counsel can request their password from the Court by accessing the Court's CM/ECF website at www.flmd.uscourts.gov. Counsel are encouraged to complete training classes offered by the Clerk's Office, which can be accessed at the same website under "Training." If counsel reside outside the Middle District of Florida and are unable to take the training classes, tutorials are available on the Court's website through which counsel and staff may familiarize themselves with CM/ECF.

4. Any pleading which is to be filed in any of these cases shall be filed with the Clerk of this Court and not with the transferor district court.

5. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this Court. For those counsel who have appeared in the transferor court, their time within which to begin using this Court's EM/ECF shall commence on entry of this Order.

6. Prior to the first pre-trial conference, service of all papers shall be made on each of the attorneys on the Panel Attorney Service List attached hereto as Schedule "B." Any attorney who wishes to have his or her name added to or deleted from the Panel Attorney Service List may do so upon written request to the Clerk of this Court with notice to all other persons on such service list. Service shall be deemed sufficient if made upon all attorneys on the Panel Attorney Service List.

The parties shall present to the Court at the first pre-trial conference a list of attorneys for purposes of service. Only one attorney for each party separately represented shall be included on such list.

7. Prior to the first pre-trial conference, counsel for each group of parties whose interests are similarly aligned shall designate liaison counsel, subject to the approval of the Court. Liaison counsel shall be authorized to receive orders and notices from the court on behalf of all parties in their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

Liaison counsel shall be required to maintain complete files with copies of all documents served on them and shall make those files available to parties within their liaison group on request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multi-District Litigation pursuant to Rule 5.2(e) of the Panel's Rules of Procedure on behalf of all parties in their liaison group and shall be responsible for the preparation and transmittal of copies of any orders and notices to the parties in their liaison group.

8. Upon remand of any of these cases, the parties will be required to provide to this Court copies of any necessary and relevant papers previously filed.

9. No parties to any of these cases shall be required to obtain local counsel in this district. The requirements of Rule 2.01 of the Rules of this Court are waived as to any attorney appearing in these actions who is duly admitted to practice before any United States District Court.

10. Motion hearings shall not be held, except by Order of Court, on such notice as the Court may direct. Any party requesting oral argument shall make a written request for oral argument in a particular motion and shall include counsel's good faith estimate of the time required for oral argument.

11. Any pleading filed in any of these cases which is substantially identical to any other pleading filed in another case may incorporate by reference the pleading to which it is substantially identical. When counsel for more than one party plan to file substantially identical pleadings, they shall join in the submission of the pleading and shall file only one pleading on behalf of all parties so joined.

12. Any Orders, including protective Orders previously entered by this Court or any transferor District Court, shall remain in full force and effect unless modified by this Court on motion.

13. All discovery proceedings in these actions are stayed until further Order of this Court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pre-trial conference, at which time a discovery schedule will be established.

14. The Court will be guided by the Manual for Complex Litigation, Fourth, approved by the Judicial Conference of the United States. Counsel are directed to familiarize themselves with that publication.

15. An initial pre-trial conference shall be held on **October 7, 2010 at 2:00 P.M.** in Courtroom 13B, Sam Gibbons U. S. Courthouse, 801 N. Florida Ave., Tampa, FL 33602. Within twenty (20) days of the date of this Order, counsel shall confer and submit to the Court a proposed case management plan, discovery schedule, dispositive motion deadline and such other matters as are appropriate, including suggestions for items to be included on the agenda for the initial pre-trial conference.

**DONE AND ORDERED** on this 19th day of August, 2010.

JAMES D. WHITTEMORE
United States District Judge

**Attachment:**
Schedule "A"
Schedule "B" - Panel Attorney Service List

**Copies Furnished To:**
Counsel/Parties of Record