**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to cases: | Case No. 8:10-md-02173-JDW-EAJ |
| 8:10-cv-0984-T-27 | Hon. James D. Whittemore |
| 8:10-cv-1004-T-27 | |
| 8:10-cv-1032-T-27 | |
| 8:10-cv-1783-T-27 | |
| 8:10-cv-1791-T-27 | |
| 8:10-cv-1850-T-27 | |
| 8:10-cv-1852-T-27 | |
| 8:10-cv-1955-T-27 | |
| 8:10-cv-2041-T-27 | |
| 8:10-cv-2042-T-27 | |
| 8:10-cv-2044-T-27 | |
| 8:10-cv-2051-T-27 | |
| 8:10-cv-2061-T-27 | |
| 8:10-cv-2062-T-27 | |
| 8:10-cv-2063-T-27 | |
| 8:10-cv-2064-T-27 | |
| 8:10-cv-2171-T-27 | |

**DIRECT PURCHASER PLAINTIFFS' STIPULATED MOTION TO SEAL**
**PORTIONS OF THE CONSOLIDATED AMENDED COMPLAINT**

Direct Purchaser Plaintiffs Nouveau Vision, Inc., Optical Supply, Inc., Florida Optical Express, Inc., Central Illinois Vision Associates, Ltd., B&B Eyes, Inc. and Carmel Mountain Vision Care ("Plaintiffs") hereby move pursuant to Local Rule 1.09(a) that this Honorable Court authorize the sealing of portions of Plaintiffs' Consolidated Amended Complaint ( "Complaint") (Dkt. No. 89), and in support thereof state as follows:

1. Plaintiffs filed and served the Complaint on November 19, 2010, without having disclosed to Defendants that certain paragraphs in the Complaint referenced documents that the Defendants had previously designated as "Highly Confidential", pursuant to the parties' temporary confidentiality stipulation.

2. So as to avoid violating the parties' stipulation, Plaintiffs redacted references to the contents of those documents in the copy of the Complaint filed with the Clerk of the Court ("Clerk's Copy"). Plaintiffs served unredacted copies of the Complaint on counsel for all of the parties to these proceedings.

3. Promptly thereafter, Plaintiffs undertook to file under seal an unredacted copy of the Complaint with the Clerk of the Court, only to determine that Local Rule 1.09(a) required Plaintiffs to seek substantial cooperation from Defendants to that end. The parties have since cooperated to draft the instant Motion.

4. Plaintiffs therefore respectfully request that the Court order as follows:

   a. Plaintiffs may file an unredacted copy of the Complaint under seal. That is the only means by which the Court may have at its disposal all of Plaintiffs' allegations, absent Plaintiffs' violation of the parties' confidentiality stipulation.

   b. Plaintiffs may file a new redacted copy of the Complaint, not under seal. That copy would include fewer redactions than the Clerk's Copy, as Defendants have agreed to the public disclosure of certain material that is redacted in the Clerk's Copy.

    c.  The Clerk shall remove from the public file and/or file under seal either all of the Clerk's Copy, or some portion of the Clerk's Copy containing paragraph 166 thereof, as that paragraph of the Clerk's Copy includes unredacted material that Defendants now seek to redact.

  5.  Plaintiffs submit in support of this Motion the following, each of which reflect Defendants' contentions as to the need for sealing the materials referenced therein. Plaintiffs take no position as to the substance of Defendants' contentions, and submit them with this Motion only because Local Rule 1.09(a) requires as much.

    a.  Defendants' Submission Pursuant to Local Rule 1.09(a)(iii)-(v); and

    b.  pursuant to Local Rule, 1.09(a)(vi), Defendants' Memorandum of Law in Support of Direct Purchaser Plaintiffs' Motion to Seal Portions of the Consolidated Amended Complaint.

Dated: February 1, 2011

              **ENGLANDER & FISCHER, P.A.**

               */s/ John W. Waechter*
              Leonard S. Englander, FBN 198846
              John W. Waechter, FBN 47151
              721 First Avenue North
              St. Petersburg, FL 33701
              Telephone: (727) 898-7210
              Fax: (727) 898-7218
              E mail: jwaechter@eandflaw.com

              *Liaison Counsel for the Direct Purchaser Plaintiffs*

**BERGER & MONTAGUE, P.C.**

　　　*/s/ H. Laddie Montague, Jr.*
H. Laddie Montague, Jr.
Merrill G. Davidoff
Bart D. Cohen
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Fax:  (215) 875-4604
E mail:  hlmontague@bm.net


**GRANT & EISENHOFER P.A.**

　　　*/s/ Linda P. Nussbaum*
Linda P. Nussbaum
Robert G. Eisler
John D. Radice
Susan R. Schwaiger
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone:  (646) 722-8500
Fax:  (646) 722-8501
E mail:  lnussbaum@gelaw.com

**LABATON SUCHAROW LLP**

　　　*/s/ Bernard Persky*
Bernard Persky
Kellie C. Lerner
Ryan G. Kriger
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Fax:  (212) 818-0477
E mail:  bpersky@labaton.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173<br>Case No. 8:10-md-2173-JDW-EAJ<br>Hon. James D. Whittemore |
| **This document relates to the following cases:**<br><br>Case No. 8:10-CV-0984<br>Case No. 8:10-CV-1004<br>Case No. 8:10-CV-1032<br>Case No. 8:10-CV-1783<br>Case No. 8:10-CV-1791<br>Case No. 8:10-CV-1850<br>Case No. 8:10-CV-1852<br>Case No. 8:10-CV-1955<br>Case No. 8:10-CV-2041<br>Case No. 8:10-CV-2042<br>Case No. 8:10-CV-2044<br>Case No. 8:10-CV-2051<br>Case No. 8:10-CV-2061<br>Case No. 8:10-CV-2062<br>Case No. 8:10-CV-2063<br>Case No. 8:10-CV-2064<br>Case No. 8:10-CV-2171 | |

**DEFENDANTS' SUBMISSION PURSUANT TO LOCAL RULE 1.09(a)(iii) – (v)**

Defendant Transitions Optical, Inc. ("TOI"), joined as specified below by defendants Essilor of America, Inc. and Essilor Laboratories of America, Inc. (collectively, "Essilor") provides below its contentions as to the need for sealing the materials referenced therein, as required by Local Rule 1.09(a)(iii), (iv) and (v).

TOI, joined by Essilor in Sections A.1 and A.2 below, is supplying the Court with the following justifications for filing an unredacted version of Plaintiffs' Consolidated Amended Complaint ("Complaint") under seal in order to protect its own confidential and commercially and/or competitively sensitive information. By so doing, neither TOI nor Essilor should be presumed to agree with the Complaint's characterization of any document or other underlying

piece of information, or with any characterization by plaintiffs of the relevance of the redacted information to their claims.

**A.     The Reason Why Sealing Each Item Is Necessary**

The proposed redactions are necessary for the following reasons:

1.     Certain Terms of Supply Agreement Between TOI and Essilor

The minimal redactions to paragraphs 3, 4, 107, 108, 150(a), 158(a) and 166(a) are necessary to protect specific terms of an agreement under which, according to the Complaint, Essilor undertook to supply TOI with a specified percentage of its requirements for lens blanks (the "Supply Agreement").  The redactions to these paragraphs do not interfere with the public's understanding of the general nature of the Supply Agreement, or of its relevance to the other allegations in the Complaint.  At the same time, the redactions permit TOI and Essilor to protect from disclosure information that they would not normally share with third parties, or would share only pursuant to a non-disclosure agreement.  Among other potential harms, the public disclosure of the redacted contract terms would place TOI at an unfair disadvantage in its dealings with alternative suppliers of lens blanks, who would not otherwise expect to be privy to the terms TOI and its supplier Essilor had agreed upon when negotiating their own arrangements with TOI.

2.     Certain Terms of Distribution Agreement Between TOI and Essilor

Similarly, the minimal redaction to identical paragraphs 150(h), 158(h) and 166(h) is necessary to protect a single term of an agreement under which, according to the Complaint, Essilor committed to purchasing from TOI a specified percentage of its forecasted requirements for treated lenses (the "Distribution Agreement").  The sole redaction to these three identical paragraphs is of the specific percentage agreed upon by the parties.  That redaction does not interfere with the public's understanding of the general nature of the Distribution Agreement.  At

the same time, the redaction permits TOI and Essilor to protect from disclosure information that they would not normally share with third parties, or would share only pursuant to a non-disclosure agreement. Among other potential harms, the public disclosure of the redacted contract term would place TOI at an unfair disadvantage in its dealings with alternative purchasers of its treated lenses, who would not otherwise expect to be privy to the terms TOI and its customer Essilor had agreed upon when negotiating their own arrangements with TOI.

       3.      Terms of TOI's Agreements with Certain Optical Retailers

Paragraphs 96(a), 96(b), and 98 of the Complaint recite the specific terms of TOI's agreements with three non-party optical retailers. The general nature of these agreements is described in paragraphs 94, 95, and 97, which have not been redacted. These redactions are necessary to protect the third parties' and TOI's interest in controlling the disclosure of their specific contractual arrangements concerning the retail sale of eyeglasses incorporating Transitions lenses. The redaction of these paragraphs does not interfere with the public's understanding of the general nature or purported relevance of either the "Exclusive Marketing Agreements" (pars. 96(a) and (b)) or the "SRA Program" agreements (par. 98). At the same time, the redactions permit TOI to protect from disclosure information that TOI would not normally share with third parties. Among other potential harms, the public disclosure of the redacted contract terms would place TOI at an unfair disadvantage in its dealings with optical retailers, who would not otherwise expect to be privy to the terms TOI and the retailers identified in the Complaint had agreed upon when negotiating their own arrangements with TOI.

       4.      Certain Strategic Conduct and Evaluation by TOI

TOI also seeks to protect from public disclosure one quotation from a document in which it evaluates Essilor's impact on competitive conditions (par. 89) and one quotation detailing a

specific instance of strategic collaboration with Essilor in the launch of a new product (pars. 150(e), 158(e), and 166(e)).  In both instances, the redacted information functions as an illustration of a general proposition advanced by the unredacted text of the paragraph.  As a consequence, the redaction of these paragraphs does not interfere with the public's understanding of the general nature or purported relevance of either allegation.  At the same time, the redactions permit TOI to protect from disclosure strategic business determinations and decisions that a firm would not normally share with third parties, including its competitors, suppliers, and customers.

**B.      Reason That a Means Other Than Sealing Is Unavailable or Unsatisfactory**

Rather than insisting upon the far more numerous redactions to the Complaint in the version originally filed by plaintiffs, TOI has minimized its proposed redactions to the Complaint in order to maximize public access to plaintiffs' allegations while protecting from disclosure a few core items of commercially sensitive information.  The resulting redactions are the least onerous alternative available to protect TOI's interest in maintaining the confidentiality of the redacted information.

**C.      Proposed Duration of the Seal**

TOI proposes that the seal remain in place for the duration of the litigation of the actions centralized in this Court as MDL 2173, including any appeals.  It is likely that the information filed under seal will remain commercially sensitive for a number of years, and aligning the duration of the seal with the duration of the lawsuit will simplify the management of sealed documents for the Court and the parties.  Because the public will have access to nearly all of plaintiffs' allegations in the redacted Complaint, extending the duration of the seal will have a minimal impact on the public's right of access to plaintiffs' allegations.

////

Dated: January 31, 2011        Respectfully submitted,

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
jjacobson@wsgr.com

*Counsel for Defendant Transitions Optical, Inc.*


Dated: January 31, 2011        Respectfully submitted,

/s/ Julie E. McEvoy
Julie E. McEvoy
JONES DAY
51 Louisiana Ave., NW
Washington, DC  20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmcevoy@jonesay.com

*Counsel for Defendants Essilor of America, Inc.,
and Essilor Laboratories of America, Inc.*

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173<br>Case No. 8:10-md-2173-JDW-EAJ<br>Hon. James D. Whittemore |
| **This document relates to the following cases:**<br><br>Case No. 8:10-CV-0984<br>Case No. 8:10-CV-1004<br>Case No. 8:10-CV-1032<br>Case No. 8:10-CV-1783<br>Case No. 8:10-CV-1791<br>Case No. 8:10-CV-1850<br>Case No. 8:10-CV-1852<br>Case No. 8:10-CV-1955<br>Case No. 8:10-CV-2041<br>Case No. 8:10-CV-2042<br>Case No. 8:10-CV-2044<br>Case No. 8:10-CV-2051<br>Case No. 8:10-CV-2061<br>Case No. 8:10-CV-2062<br>Case No. 8:10-CV-2063<br>Case No. 8:10-CV-2064<br>Case No. 8:10-CV-2171 | |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO SEAL PORTIONS OF THE CONSOLIDATED COMPLAINT

Defendant Transitions Optical, Inc. ("TOI"), joined as specified below by defendants Essilor of America, Inc. and Essilor Laboratories of America, Inc. (collectively, "Essilor"), provides below a memorandum of legal authority supporting the requested seal, as required by Local Rule 1.09(a)(vi).

**A.     Legal Standard**

In determining whether to order that information in a pleading be filed under seal, trial courts in this Circuit examine whether the common law right of access may be overcome by a showing of good cause. The determination of whether good cause exists is made in light of the

"nature and character of the information in question," and requires the court to balance the public interest in accessing court documents against the party's interest in keeping the information confidential. *Romero v. Drummond*, 480 F.3d 1234, 1246 (11th Cir. 2007), *quoting Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

When balancing these competing interests, courts consider numerous factors, including:

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246. In some instances, a party's proprietary interest in information may overcome the public's interest in accessing that information. *Id.*

Parties seeking to file papers (or portions thereof) under seal in this District must also comply with Middle District of Florida Local Rule 1.09.

**B.      Good Cause Exists to File the Unredacted Complaint Under Seal**

There is good cause to permit the filing under seal of the very limited amount of information TOI (joined in some instances by Essilor, as indicated in Defendants' Submission Pursuant to Local Rule 1.09(a)(iii)-(v), *supra*) seeks to redact from the Complaint. The proposed redactions to the Complaint are narrowly tailored to provide the public with access to nearly the entirety of plaintiffs' allegations while protecting from disclosure a few items of commercially and competitively sensitive information whose dissemination poses a real possibility of injury to TOI. The information to be redacted is limited to a small number of specific contractual arrangements between private commercial firms and two detailed instances of TOI's business strategy, and does not concern public officials or public concerns. TOI, and in some instances, Essilor, has a legitimate proprietary interest in the redacted information, which is of the type that

a commercial firm would not normally share with the public, and would share with third parties, if at all, pursuant to a non-disclosure agreement.  Because plaintiffs, not defendants, elected to include information of commercial and competitive importance to defendants in their pleading, placing the unredacted Complaint under seal will have no effect on defendants' ability to respond to those allegations by referring to their own documents and other evidence in their control.

Where the proposed matter to be sealed consists of a contract between private entities attached to a Complaint, filing the contract under seal is permitted because the sealing is narrowly tailored to a party's compelling interest in protecting the information.  *Trailer Bridge, Inc. v. PCS Nitrogen, Inc.*, No. 3:09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009) (granting plaintiff's motion to seal exhibit to Complaint); *see also Witt-Green v. Belk, Inc.*, No. 3:09-cv-842, 2010 WL 3188714, at *1 (M.D. Fla. Aug. 11, 2010) (granting motion to seal confidential business records).  Here, the information to be sealed is minimal in relation to the remaining allegations of the Complaint, which will become a part of the public record.  By minimizing the redactions to the Complaint, defendants have selected the least onerous alternative available for protecting their confidential proprietary information.  It is well within this Court's discretion to determine that defendants' proprietary interest in the redacted information overcomes the public's interest in access to the entirety of the Complaint, such that there is good cause to permit the redacted information to be filed under seal.

**C.     Good Cause Exists To Extend the Seal for the Duration of the Litigation and Any Appeals**

TOI proposes that the unredacted Complaint remain under seal for the duration of the litigation of the actions centralized in this Court as MDL 2173, including any appeals.  As this period is likely to extend beyond one year, under Local Rule 1.09, the Court must find there is

good cause to align the duration of the seal with the duration of the litigation presently before this Court.

There are several reasons why it is appropriate to extend the duration of the requested seal for more than one year. First, the information filed under seal will remain competitively sensitive for quite some time. Disclosure of the redacted terms of TOI's Supply and Distribution Agreements with Essilor likely will continue to place TOI at an unfair disadvantage in its dealings with other suppliers of lens blanks and purchasers of treated lenses. Whether or not those agreements remain in place, knowledge of their terms will continue to provide TOI's suppliers and customers with insight into the arrangements TOI reached with one of their competitors, putting them in a better negotiating posture than they would have been had the information not been publicly disclosed. The same is true for TOI's agreements with certain optical retailers. Second, the three non-party optical retailers will continue to have an interest in controlling the disclosure of their specific contractual arrangements with TOI concerning the retail sale of eyeglasses incorporating Transitions lenses to potential consumers and to their competitors. The public, for its part, will continue to have access to nearly all of plaintiffs' allegations in the publicly filed redacted Complaint. On balance, therefore, there is good cause to extend the seal for more than one year.

////

////

Dated: January 31, 2011				Respectfully submitted,

/s/ Chul Pak
Chul Pak
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
jjacobson@wsgr.com

*Counsel for Defendant Transitions Optical, Inc.*


Dated: January 31, 2011				Respectfully submitted,

/s/ Julie E. McEvoy
Julie E. McEvoy
JONES DAY
51 Louisiana Ave., NW
Washington, DC  20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmcevoy@jonesay.com

*Counsel for Defendants Essilor of America, Inc., and Essilor Laboratories of America, Inc.*