**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173<br>Case No. 8:10-md-2173-JDW-EAJ<br>Hon. James D. Whittemore |
| **This document relates to the following cases:**<br><br>8:10-cv-0984-T-27<br>8:10-cv-1004-T-27<br>8:10-cv-1032-T-27<br>8:10-cv-1783-T-27<br>8:10-cv-1791-T-27<br>8:10-cv-1850-T-27<br>8:10-cv-1852-T-27<br>8:10-cv-1955-T-27<br>8:10-cv-2041-T-27<br>8:10-cv-2042-T-27<br>8:10-cv-2044-T-27<br>8:10-cv-2051-T-27<br>8:10-cv-2061-T-27<br>8:10-cv-2062-T-27<br>8:10-cv-2063-T-27<br>8:10-cv-2064-T-27<br>8:10-cv-2171-T-27 | |

**DEFENDANTS' JOINT MOTION FOR LEAVE TO**
**FILE A REPLY BRIEF IN SUPPORT OF THE MOTION**
**TO DISMISS THE CONSOLIDATED AMENDED COMPLAINT**

Pursuant to Local Rule 3.01(d), Defendants Transitions Optical, Inc. ("TOI"), Essilor of America, Inc., and Essilor Laboratories of America, Inc. (collectively, "Essilor") respectfully request leave to file a short reply brief (not to exceed five pages) in further support of Defendants' Joint Motion to Dismiss the Consolidated Amended Complaint.

Defendants filed their motion to dismiss on January 3, 2011. Among other grounds, Defendants sought dismissal of Plaintiffs' monopolization and attempted

1

monopolization claims because federal law does not recognize Plaintiffs' indirect purchaser claims. In this putative class action, none of the named class representatives purchased photochromic lenses directly from TOI. In their opposition, filed on February 11, 2011, Plaintiffs refused to address that fact and instead have offered two new theories – which find no support in the complaint or in the law – for evading the *Illinois Brick* bar to their claims.

First, Plaintiffs contend that an "ownership and control" exception to the *Illinois Brick* bar would permit them to reach TOI because Essilor International S.A. (which is not a party to this action) owns part of TOI. Even if the Eleventh Circuit recognized such an exception – and it does not, particularly in a case requiring an overcharge analysis – the only allegations of ownership and control in the complaint do not support this argument. The complaint merely asserts that Essilor International S.A. owns 49% of TOI, an allegation that patently fails the "control" portion of any such exception. And the only explicit "ownership and control" allegations relate to corporate relationships *within* Essilor, allegations that would, at most, eliminate one of many levels of distribution that stand between Plaintiffs and actionable federal law claims.

Second, even though Plaintiffs admit that "none of the current named plaintiffs" are lens casters who are "true" direct purchasers from TOI, Plaintiffs suggest that they can overcome the *Illinois Brick* bar through the purported direct purchases of un-named members of the putative class. Plaintiffs are wrong on this score as well.[1]

---

[1] *See Murray v. U.S. Bank Trust Nat'l Ass'n*, 365 F.3d 1284, 1289 (11th Cir. 2004) ("Thus, just as a plaintiff cannot pursue an individual claim unless he proves standing, a plaintiff cannot represent a class unless he has standing to raise the claims of the class he seeks to represent."); *Griffin v. Dugger*, 823 F.2d 1476, 1483 (11th Cir. 1987) ("[E]ach claim must be analyzed separately, and a claim cannot be asserted on behalf of a class

Case 8:10-md-02173-JDW-EAJ Document 105 Filed 02/17/11 Page 3 of 4 PageID 1256

Defendants propose to address both of these new arguments in a reply brief not to not to exceed five pages.

The undersigned counsel for Defendants, pursuant to Local Rule 3.01(g), represent that counsel has conferred with counsel for Plaintiffs, and that Plaintiffs object to the relief requested in this motion.

Dated: February 16, 2011

Respectfully submitted,

| s/ John M. Majoras | /s/ Jonathan M. Jacobson |
|---|---|
| John M. Majoras | Jonathan M. Jacobson |
| JONES DAY | WILSON SONSINI GOODRICH & ROSATI, P.C. |
| 51 Louisiana Ave., NW | 1301 Avenue of the Americas, 40th Floor |
| Washington, DC 20001 | New York, NY 10019 |
| Phone: (202) 879-3939 | Phone: (212) 999-5800 |
| Fax: (202) 626-1700 | Fax: (212) 999-5899 |
| E-mail: jmmajoras@jonesday.com | E-mail: jjacobson@wsgr.com |

s/ Julie S. Sneed
Julie S. Sneed
FOWLER WHITE BOGGS P.A.
501 E. Kennedy Blvd., Suite 1700
Tampa, FL 33602
Phone: (813) 228-7411
Fax: (813) 229-8313
E-mail: jsneed@fowlerwhite.com

*Counsel for Defendants Essilor of America, Inc. and Essilor Laboratories of America, Inc.*

*Counsel for Defendant Transitions Optical, Inc.*

---

unless at least one named plaintiff has suffered the injury that gives rise to that claim."); *In re Checking Account Overdraft Litig.*, 694 F.Supp.2d 1302, 1324 (S.D. Fla. 2010) ("[N]amed plaintiff in a class action who cannot establish the requisite case or controversy between himself and the defendants simply cannot seek relief for anyone-not for himself, and not for any other member of the class."); *In re Terazosin Hydrochloride Antitrust Litig.*, 160 F.Supp.2d 1365, 1370-1371 (S.D. Fla. 2001) (dismissing a number of counts for lack of standing under *Illinois Brick* where named plaintiffs did not allege personal injuries under relevant state laws and were resting on allegations that unidentified class members suffered injuries).


## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Joint Motion for Leave to File a Reply Brief to be served via ECF on this 16th day of February 2011.

Dated: February 16, 2011

                                                     s/ Jonathan M. Jacobson