**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to cases: | Case No. 8:10-md-02173-JDW-EAJ |
| 8:10-cv-0984-T-27<br>8:10-cv-1004-T-27<br>8:10-cv-1032-T-27<br>8:10-cv-1783-T-27<br>8:10-cv-1791-T-27<br>8:10-cv-1850-T-27<br>8:10-cv-1852-T-27<br>8:10-cv-1955-T-27<br>8:10-cv-2041-T-27<br>8:10-cv-2042-T-27<br>8:10-cv-2044-T-27<br>8:10-cv-2051-T-27<br>8:10-cv-2061-T-27<br>8:10-cv-2062-T-27<br>8:10-cv-2063-T-27<br>8:10-cv-2064-T-27<br>8:10-cv-2171-T-27 | Hon. James D. Whittemore |

**DIRECT PURCHASER PLAINTIFFS' STIPULATED MOTION TO**
**SEAL PORTIONS OF DIRECT PURCHASER PLAINTIFFS'**
**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION**
**TO DISMISS THE  CONSOLIDATED AMENDED COMPLAINT**

Direct Purchaser Plaintiffs Nouveau Vision, Inc., Optical Supply, Inc., Florida

Optical Express, Inc., Central Illinois Vision Associates, Ltd. and B&B Eyes, Inc.

("Plaintiffs") hereby move pursuant to Local Rule 1.09(a) that this Honorable Court

authorize the sealing of portions of Plaintiffs' Memorandum in Opposition to Defendants'

Motion to Dismiss the  Consolidated Amended Complaint  ( "Memorandum") (Dkt. No.

103), and in support thereof state as follows:

1.      Plaintiffs filed and served the Memorandum on February 11, 2011, without

having disclosed to Defendants that certain portions of the Memorandum reference

information reflected only in documents that the Defendants had previously designated as

"Highly Confidential," pursuant to the parties' temporary confidentiality stipulation.

2.      So as to avoid violating the parties' stipulation, Plaintiffs redacted references

to that information in the copy of the Memorandum filed with the Clerk of the Court

("Clerk's Copy").  Plaintiffs served unredacted copies of the Memorandum on counsel for all

of the parties to these proceedings.  Plaintiffs and Defendant s have since cooperated to draft

the instant Motion.

3.      Plaintiffs therefore respectfully request that the Court order as follows:

a.      Plaintiffs may file an unredacted copy of the Memorandum under seal.

That is the only means by which the Court may have at its disposal the

entirety of the Memorandum, absent Plaintiffs' violation of the parties'

confidentiality stipulation.

b.      Plaintiffs may file a new redacted copy of the Memorandum, not under

seal.  That copy would include two redactions above and beyond those

in the Clerk's Copy, as Plaintiffs inadvertently failed to redact from

the Clerk's Copy certain information Defendants have designated as

"Highly Confidential."

      c.      The Clerk shall remove from the public file and/or file under seal

either all of the Clerk's Copy, or some portion of the Clerk's Copy

including the information referenced in subparagraph (b) above, which

Plaintiffs will identify if and when the Court grants this Motion.

    4.      Plaintiffs submit in support of this Motion the following, each of which reflect

Defendants' contentions as to the need for sealing the materials referenced therein.  Plaintiffs

take no position as to the substance of Defendants' contentions, and submit them with this

Motion only because Local Rule 1.09(a) requires as much.

      a.      Defendants' Submission Pursuant to Local Rule 1.09(a)(iii)-(v); and

      b.      pursuant to Local Rule, 1.09(a)(vi), Defendants' Memorandum of Law

in Support of Direct Purchaser Plaintiffs' Motion to Seal Portions of

Direct Purchaser Plaintiffs' Memorandum in Opposition to

Defendants' Motion to Dismiss the  Consolidated Amended

Complaint.

Dated:  February 23, 2011

                        **ENGLANDER & FISCHER, P.A.**

                        */s/ John W. Waechter*
                        Leonard S. Englander, FBN 198846
                        John W. Waechter, FBN 47151
                        721 First Avenue North
                        St. Petersburg, FL 33701
                        Telephone:  (727) 898-7210
                        Fax:  (727) 898-7218
                        E mail:  jwaechter@eandflaw.com

                        ***Liaison Counsel for the Direct Purchaser***
                        ***Plaintiffs***

**BERGER & MONTAGUE, P.C**.

    */s/  Bart D. Cohen*
H. Laddie Montague, Jr.
Merrill G. Davidoff
Bart D. Cohen
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Fax:  (215) 875-4604
E mail:  hlmontague@bm.net


**GRANT & EISENHOFER P.A.**

    */s/  Linda P. Nussbaum*
Linda P. Nussbaum
Robert G. Eisler
John D. Radice
Susan R. Schwaiger
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone:  (646) 722-8500
Fax:  (646) 722-8501
E mail:  lnussbaum@gelaw.com

**LABATON SUCHAROW LLP**

    */s/  Bernard Persky*
Bernard Persky
Kellie C. Lerner
Ryan G. Kriger
140 Broadway
New York, NY 10005
Telephone:  (212) 907-0700
Fax:  (212) 818-0477
E mail:  bpersky@labaton.com

*Interim Co-Lead Counsel for the Direct
Purchaser Plaintiffs*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE:  PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173<br>Case No. 8:10-md-2173-JDW-EAJ<br>Hon. James D. Whittemore |
| **This document relates to the following cases:**<br><br>Case No. 8:10-CV-0984<br>Case No. 8:10-CV-1004<br>Case No. 8:10-CV-1032<br>Case No. 8:10-CV-1783<br>Case No. 8:10-CV-1791<br>Case No. 8:10-CV-1850<br>Case No. 8:10-CV-1852<br>Case No. 8:10-CV-1955<br>Case No. 8:10-CV-2041<br>Case No. 8:10-CV-2042<br>Case No. 8:10-CV-2044<br>Case No. 8:10-CV-2051<br>Case No. 8:10-CV-2061<br>Case No. 8:10-CV-2062<br>Case No. 8:10-CV-2063<br>Case No. 8:10-CV-2064<br>Case No. 8:10-CV-2171 | |

**DEFENDANTS' SUBMISSION PURSUANT TO LOCAL RULE 1.09(a)(iii) – (v)**

Defendant Transitions Optical, Inc. ("TOI"), joined as specified below by defendants

Essilor of America, Inc. and Essilor Laboratories of America, Inc. (collectively, "Essilor")

provides below its contentions as to the need for sealing the materials referenced therein, as

required by Local Rule 1.09(a)(iii), (iv) and (v).

TOI, joined by Essilor in Sections A.1 and A.2 below, is supplying the Court with the

following justifications for filing an unredacted version of Direct Purchaser Plaintiffs'

Memorandum in Opposition to Defendants' Motion to Dismiss the Consolidated Amended

Complaint ("Opposition") under seal in order to protect its own confidential and commercially

and/or competitively sensitive information.  By so doing, neither TOI nor Essilor should be

presumed to agree with the Opposition's characterization of any document or other underlying

piece of information, or with any characterization by plaintiffs of the relevance of the redacted

information to their claims.

**A.      The Reason Why Sealing Each Item Is Necessary**

The proposed redactions are necessary for the following reasons:

1.      Certain Terms of Supply Agreement Between TOI and Essilor

The minimal redactions to pages 9, 27 and 28 are necessary to protect specific terms of

an agreement under which, according to plaintiffs, Essilor undertook to supply TOI with a

specified percentage of its requirements for lens blanks (the "Supply Agreement").  The

redactions to these paragraphs do not interfere with the public's understanding of the general

nature of the Supply Agreement, or of its relevance to the other allegations in the Complaint or

the arguments in the Opposition.  At the same time, the redactions permit TOI and Essilor to

protect from disclosure information that they would not normally share with third parties, or

would share only pursuant to a non-disclosure agreement.  Among other potential harms, the

public disclosure of the redacted contract terms would place TOI at an unfair disadvantage in its

dealings with alternative suppliers of lens blanks, who would not otherwise expect to be privy to

the terms TOI and its supplier Essilor had agreed upon when negotiating their own arrangements

with TOI.

2.      Certain Terms of Distribution Agreement Between TOI and Essilor

Similarly, the redaction to numbered paragraph 8 on page 28 is necessary to protect a

single term of an agreement under which, according to the Complaint, Essilor committed to

purchasing from TOI a specified percentage of its forecasted requirements for treated lenses (the

"Distribution Agreement").  The sole redaction to this paragraph is of the specific percentage

agreed upon by the parties.  That redaction does not interfere with the public's understanding of

the general nature of the Distribution Agreement.  At the same time, the redaction permits TOI and Essilor to protect from disclosure information that they would not normally share with third parties, or would share only pursuant to a non-disclosure agreement.  Among other potential harms, the public disclosure of the redacted contract term would place TOI at an unfair disadvantage in its dealings with alternative purchasers of its treated lenses, who would not otherwise expect to be privy to the terms TOI and its customer Essilor had agreed upon when negotiating their own arrangements with TOI.

3.      Terms of TOI's Agreements with Certain Optical Retailers

Page 8 of the Opposition identifies two non-party optical retailers by name with whom TOI purportedly has exclusive agreements.  This redaction is necessary to protect the third parties' and TOI's interest in controlling the disclosure of their contractual arrangements concerning the retail sale of eyeglasses incorporating Transitions lenses.  The redaction of these paragraphs does not interfere with the public's understanding of the general nature or purported relevance of either the "Exclusive Marketing Agreements" (Complaint ¶¶ 96(a) and (b)) or the "SRA Program" agreements (Complaint ¶ 98).  At the same time, the redactions permit TOI to protect from disclosure information that TOI would not normally share with third parties. Among other potential harms, the public disclosure of TOI's arrangements with specific retailers would place TOI at an unfair disadvantage in its dealings with optical retailers, who would not otherwise expect to be privy to the terms TOI and the retailers identified in the Complaint had agreed upon when negotiating their own arrangements with TOI.

4.      Certain Strategic Conduct and Evaluation by TOI

TOI also seeks to protect from public disclosure one quotation from a document in which it evaluates Essilor's impact on competitive conditions (Opposition at 9, 36) and one quotation

detailing a specific instance of strategic collaboration with Essilor in the launch of a new product

(Opposition at 28 ¶ 5).  In both instances, the redacted information was also redacted from the

Complaint, where it functioned as an illustration of a general proposition advanced by the

unredacted text of the cited paragraphs.  As a consequence, the redaction of this information in

the Opposition does not interfere with the public's understanding of the general nature or

purported relevance of either allegation.  At the same time, the redactions permit TOI to protect

from disclosure strategic business determinations and decisions that a firm would not normally

share with third parties, including its competitors, suppliers, and customers.

**B.       Reason That a Means Other Than Sealing Is Unavailable or Unsatisfactory**

The proposed redactions to the Opposition track the proposed redactions to the

Complaint.  TOI minimized its proposed redactions to the Complaint in order to maximize public

access to plaintiffs' allegations while protecting from disclosure a few core items of

commercially sensitive information, rather than insisting upon the far more numerous redactions

to the Complaint in the version originally filed by plaintiffs.  Here, too the resulting redactions

are the least onerous alternative available to protect TOI's interest in maintaining the

confidentiality of the redacted information.

**C.       Proposed Duration of the Seal**

TOI proposes that the seal remain in place for the duration of the litigation of the actions

centralized in this Court as MDL 2173, including any appeals.  It is likely that the information

filed under seal will remain commercially sensitive for a number of years, and aligning the

duration of the seal with the duration of the lawsuit will simplify the management of sealed

documents for the Court and the parties.  Because the public will have access to nearly all of

plaintiffs' allegations in the redacted Complaint and in the redacted Opposition, extending the

duration of the seal will have a minimal impact on the public's right of access to plaintiffs'

allegations.

////

Dated: February 22, 2011                    Respectfully submitted,

                                             /s/ Chul Pak
                                             _____
                                             Chul Pak
                                             WILSON SONSINI GOODRICH & ROSATI, P.C.
                                             1301 Avenue of the Americas
                                             40th Floor
                                             New York, NY 10019
                                             Phone: (212) 999-5800
                                             Fax: (212) 999-5899
                                             jjacobson@wsgr.com

                                             *Counsel for Defendant Transitions Optical, Inc.*


Dated: February 22, 2011                    Respectfully submitted,

                                             /s/ Julie E. McEvoy
                                             _____
                                             Julie E. McEvoy
                                             JONES DAY
                                             51 Louisiana Ave., NW
                                             Washington, DC  20001
                                             Phone: (202) 879-3939
                                             Fax: (202) 626-1700
                                             jmcevoy@jonesay.com

                                             *Counsel for Defendants Essilor of America, Inc.,*
                                             *and Essilor Laboratories of America, Inc.*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE:  PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 Case No. 8:10-md-2173-JDW-EAJ Hon. James D. Whittemore |

**This document relates to the following cases:**

Case No. 8:10-CV-0984
Case No. 8:10-CV-1004
Case No. 8:10-CV-1032
Case No. 8:10-CV-1783
Case No. 8:10-CV-1791
Case No. 8:10-CV-1850
Case No. 8:10-CV-1852
Case No. 8:10-CV-1955
Case No. 8:10-CV-2041
Case No. 8:10-CV-2042
Case No. 8:10-CV-2044
Case No. 8:10-CV-2051
Case No. 8:10-CV-2061
Case No. 8:10-CV-2062
Case No. 8:10-CV-2063
Case No. 8:10-CV-2064
Case No. 8:10-CV-2171

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' MOTION TO SEAL PORTIONS OF THEIR OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Defendant Transitions Optical, Inc. ("TOI"), joined as specified below by defendants

Essilor of America, Inc. and Essilor Laboratories of America, Inc. (collectively, "Essilor"),

provides below a memorandum of legal authority supporting the requested seal, as required by

Local Rule 1.09(a)(vi).

**A.    Legal Standard**

In determining whether to order that information in a pleading be filed under seal, trial

courts in this Circuit examine whether the common law right of access may be overcome by a

showing of good cause.  The determination of whether good cause exists is made in light of the

"nature and character of the information in question," and requires the court to balance the public

interest in accessing court documents against the party's interest in keeping the information

confidential. *Romero v. Drummond*, 480 F.3d 1234, 1246 (11th Cir. 2007), *quoting Chicago*

*Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001).

> When balancing these competing interests, courts consider numerous factors, including:
>
> > whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.  In some instances, a party's proprietary interest in information may

overcome the public's interest in accessing that information.  *Id.*

Parties seeking to file papers (or portions thereof) under seal in this District must also

comply with Middle District of Florida Local Rule 1.09.

**B.      Good Cause Exists to File the Opposition Under Seal**

There is good cause to permit the filing under seal of the very limited amount of

information TOI (joined in some instances by Essilor, as indicated in Defendants' Submission

Pursuant to Local Rule 1.09(a)(iii)-(v), *supra*) seeks to redact from the Opposition.  The

proposed redactions to the Opposition are narrowly tailored to provide the public with access to

nearly the entirety of plaintiffs' allegations while protecting from disclosure a few items of

commercially and competitively sensitive information whose dissemination poses a real

possibility of injury to TOI.   The information to be redacted is limited to a small number of

specific contractual arrangements between private commercial firms and two detailed instances

of TOI's business strategy, and does not concern public officials or public concerns.  TOI, and in

some instances, Essilor, has a legitimate proprietary interest in the redacted information, which is

of the type that a commercial firm would not normally share with the public, and would share

with third parties, if at all, pursuant to a non-disclosure agreement.  Because plaintiffs, not

defendants, elected to include information of commercial and competitive importance to

defendants in their pleading, placing the unredacted Opposition under seal will have no effect on

defendants' ability to respond to those allegations by referring to their own documents and other

evidence in their control.

Where the proposed matter to be sealed consists of a contract between private entities

attached to a Complaint, filing the contract under seal is permitted because the sealing is

narrowly tailored to a party's compelling interest in protecting the information.  *Trailer Bridge,*

*Inc. v. PCS Nitrogen, Inc.*, No. 3:09-cv-675, 2009 WL 2231704, at *1 (M.D. Fla. July 24, 2009)

(granting plaintiff's motion to seal exhibit to Complaint); *see also Witt-Green v. Belk, Inc.*, No.

3:09-cv-842, 2010 WL 3188714, at *1 (M.D. Fla. Aug. 11, 2010) (granting motion to seal

confidential business records).  Here, the information to be sealed is minimal in relation to the

remaining contents of the Opposition, which will become a part of the public record.  By

minimizing the redactions to the Opposition, defendants have selected the least onerous

alternative available for protecting their confidential proprietary information.  It is well within

this Court's discretion to determine that defendants' proprietary interest in the redacted

information overcomes the public's interest in access to the entirety of the Opposition, such that

there is good cause to permit the redacted information to be filed under seal.

C.      **Good Cause Exists To Extend the Seal for the Duration of the Litigation and Any
        Appeals**

TOI proposes that the unredacted Opposition remain under seal for the duration of the

litigation of the actions centralized in this Court as MDL 2173, including any appeals.  As this

period is likely to extend beyond one year, under Local Rule 1.09, the Court must find there is

good cause to align the duration of the seal with the duration of the litigation presently before this Court.

There are several reasons why it is appropriate to extend the duration of the requested seal for more than one year.  First, the information filed under seal will remain competitively sensitive for quite some time.  Disclosure of the redacted terms of TOI's Supply and Distribution Agreements with Essilor likely will continue to place TOI at an unfair disadvantage in its dealings with other suppliers of lens blanks and purchasers of treated lenses.  Whether or not those agreements remain in place, knowledge of their terms will continue to provide TOI's suppliers and customers with insight into the arrangements TOI reached with one of their competitors, putting them in a better negotiating posture than they would have been had the information not been publicly disclosed.  The same is true for TOI's agreements with certain optical retailers.  Second, the two non-party optical retailers will continue to have an interest in controlling the disclosure of their contractual arrangements with TOI concerning the retail sale of eyeglasses incorporating Transitions lenses to potential consumers and to their competitors.  The public, for its part, will continue to have access to nearly all of plaintiffs' contentions in the publicly filed redacted Opposition.  On balance, therefore, there is good cause to extend the seal for more than one year.

////

////

Dated: February 22, 2011

Respectfully submitted,

/s/ Chul Pak

Chul Pak
WILSON SONSINI GOODRICH & ROSATI, P.C.
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Phone: (212) 999-5800
Fax: (212) 999-5899
jjacobson@wsgr.com

*Counsel for Defendant Transitions Optical, Inc.*

Dated: February 22, 2011

Respectfully submitted,

/s/ Julie E. McEvoy

Julie E. McEvoy
JONES DAY
51 Louisiana Ave., NW
Washington, DC  20001
Phone: (202) 879-3939
Fax: (202) 626-1700
jmcevoy@jonesay.com

*Counsel for Defendants Essilor of America, Inc.,
and Essilor Laboratories of America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Direct

Purchaser Plaintiffs' Stipulated Motion to Seal Portions of Direct Purchaser Plaintiffs'

Memorandum in Opposition to Defendants' Motion To Dismiss the  Consolidated Amended

Complaint was filed electronically with the Clerk of Court using the CM/ECF system, which

will send notification of such filing to all counsel of record, and e-mailed to counsel for all

parties on this the 23rd day of February, 2011.


**BERGER & MONTAGUE, P.C**.

  */s/  Bart D. Cohen*  
Bart D. Cohen  
1622 Locust Street  
Philadelphia, PA  19103  
Telephone:  (215) 875-3000  
Fax:  (215) 875-4604  
E mail:  bcohen@bm.net

*Interim Co-Lead Counsel for the Direct*  
*Purchaser Plaintiffs*