**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| IN RE PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to cases: | Case No. 8:10-md-02173-JDW-EAJ |
| 8:10-cv-0984-T-27<br>8:10-cv-1004-T-27<br>8:10-cv-1032-T-27<br>8:10-cv-1783-T-27<br>8:10-cv-1791-T-27<br>8:10-cv-1850-T-27<br>8:10-cv-1852-T-27<br>8:10-cv-1955-T-27<br>8:10-cv-2041-T-27<br>8:10-cv-2042-T-27<br>8:10-cv-2044-T-27<br>8:10-cv-2051-T-27<br>8:10-cv-2061-T-27<br>8:10-cv-2062-T-27<br>8:10-cv-2063-T-27<br>8:10-cv-2064-T-27<br>8:10-cv-2171-T-27 | Hon. James D. Whittemore |

**DIRECT PURCHASER PLAINTIFFS' MEMORANDUM IN
OPPOSITION TO DEFENDANTS' JOINT MOTION FOR LEAVE TO
FILE A REPLY BRIEF IN  SUPPORT OF THE MOTION TO DISMISS
THE CONSOLIDATED AMENDED COMPLAINT**

Defendants' Motion to Dismiss the Consolidated Amended Complaint (Dkt. No. 95) is now pending before the Court. Plaintiffs in the above-referenced actions ("Plaintiffs") recently filed a memorandum in opposition to that motion. Dkt. No. 103 ("Plaintiffs' Memorandum" or "Pls.' Mem."). Defendants now move to file a reply brief ("Defendants'


Motion" or "Defs.' Mot.") in support of that motion, based in large part on their unsupported claim that Plaintiffs "have offered two new theories" in opposition to the motion. Defs.' Mot. at 2. Even if that were the case – which it is not – it would be insufficient grounds for the Court to deviate from standard practice as reflected in the Local Rules. Moreover, Defendants' Motion is comprised primarily of argument as to the merits of the underlying motion, contrary to Local Rule 3.01(d). Defendants' Motion should be denied.

## **ARGUMENT**

Local Rule 3.01(d) allows for the submission of a reply memorandum only where the court grants leave in response to a motion to that end. The Rule reflects the court's determination that such submissions should be the exception rather than the rule, and that non-movants should generally be allowed the final substantive submission before the court decides any motion.

Defendants' Motion says nothing that would justify deviation from that general rule, and little of relevant substance at all. The fallacy in Defendants' factual premise is evident in part on the face of the Motion itself. Defendants claim that "Plaintiffs refused to address [the] fact" that "none of the named class representatives purchased photochromic lenses directly from [defendant Transitions Optical, Inc. ("TOI")]." Mot. at 2. Yet on the very same page, Defendants acknowledge that "Plaintiffs admit that 'none of the current named plaintiffs' are . . . 'true' direct purchasers from TOI." *Id.*[1] More importantly, Plaintiffs' primary argument, comprising over 12 pages in the Memorandum, is addressed to why the

---

[1] Only the words "none of the current named plaintiffs" actually appear in Plaintiffs' Memorandum. *See* Pls.' Mem. at 22 n.29. The word "true" appears neither in that paragraph nor anywhere else in Plaintiffs' Memorandum with regard to this issue.

fact that none of the named plaintiffs purchased directly from TOI is *not* an issue. *See* Pls.' Mem. at 14-26. That argument is not a "refus[al] to address" the issue.

Defendants further contend that Plaintiffs rely on "two *new* theories" in this context. Defs.' Mem. at 2 (emphasis added). Defendants fail to identify any previous instance in which Plaintiffs previously relied on any theory, or any previous instance in which Plaintiffs were required to rely on any theory. It is Defendants' motion to dismiss that initially raised any theories. And Plaintiffs were not required to rely on any legal theory in any of the complaints filed to this point. *See Turner v. Neptune Towing & Recovery, Inc.*, 2010 WL 3154082, at *1 (M.D. Fla. Aug. 9, 2010) (Whittemore, J.) (citing *Sams v. United Food and Commercial Workers Int'l Union*, 866 F.2d 1380, 1384 (11th Cir. 1989)). Even if there were such a requirement, Plaintiffs would have satisfied it. *See* Pls.' Mem. at 17, 21-22.

The remainder – and majority – of Defendants' Motion is committed to addressing the merits of their motion to dismiss. *See* Defs.' Mot. at 2-3 & n.1. In light of that, the Court might readily surmise that addressing those merits is the primary purpose of the Motion. But that is contrary to Local Rule 3.01(d), which provides in relevant part that "[a] motion requesting leave to file . . . a reply or further memorandum . . . shall not include, as an attachment or otherwise, the proposed . . . reply . . ." *Id. See also Krinsk v. SunTrust Bank*, 2010 WL 1177324, at *4 n.6 (M.D. Fla. Mar. 25, 2010) (Whittemore, J.). Plaintiffs would be justified in moving to strike Defendants' Motion in its entirety.[2]

---

[2] If the Court is nevertheless inclined to consider the Defendants' new arguments as to their motion to dismiss, Plaintiffs request leave to file a response of no more than two pages addressing those arguments.

## **CONCLUSION**

For all of the foregoing reasons, Defendants' Joint Motion for Leave to File a Reply Brief in Support of the Motion to Dismiss the Consolidated Amended Complaint should be denied. If the Court is inclined to grant Defendants' Motion, Plaintiffs respectfully request that, consistent with the local standard allowing non-movants the final substantive submission, Plaintiffs be allowed to file a sur-reply memorandum of three pages or less.

Dated:  February 23, 2011   **ENGLANDER & FISCHER, P.A.**

   */s/ John W. Waechter*
Leonard S. Englander, FBN 198846
John W. Waechter, FBN 47151
721 First Avenue North
St. Petersburg, FL 33701
Telephone:  (727) 898-7210
Fax:  (727) 898-7218
E mail:  jwaechter@eandflaw.com

***Liaison Counsel for the Direct Purchaser Plaintiffs***

**BERGER & MONTAGUE, P.C**.

   */s/  H. Laddie Montague, Jr.*
H. Laddie Montague, Jr.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Fax:  (215) 875-4604
E mail:  hlmontague@bm.net

**GRANT & EISENHOFER P.A.**

*/s/ Linda P. Nussbaum*
Linda P. Nussbaum
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501
E mail: lnussbaum@gelaw.com

**LABATON SUCHAROW LLP**

*/s/ Bernard Persky*
Bernard Persky
140 Broadway
New York, NY 10005
Telephone: (212) 907-0700
Fax: (212) 818-0477
E mail: bpersky@labaton.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing Direct Purchaser Plaintiffs' Memorandum in Opposition to Defendants' Joint Motion for Leave to File a Reply Brief in Support of the Motion to Dismiss the Consolidated Amended Complaint was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and e-mailed to counsel for all parties on this, the 23rd day of February, 2011.

**BERGER & MONTAGUE, P.C**.

*/s/  Bart D. Cohen*
Bart D. Cohen
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Fax:  (215) 875-4604
E mail:  bcohen@bm.net

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*