**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

                                                  MDL Case No.: 8:10-MD-2173-T-27EAJ

_____/

**ORDER**

Before the court are Plaintiff Insight Equity A.P.'s **Amended Motion to Compel** (Dkt. 140) and Defendant Transitions Optical, Inc.'s **Opposition** (Dkt. 147). The court heard oral argument on the motion on August 30, 2011. For the reasons explained below, Plaintiff's motion is **GRANTED** in part and **DENIED** in part.

**Discussion**

A court must limit the scope of discovery if it finds that the discovery sought is unreasonably cumulative or duplicative or if the burden of the proposed discovery outweighs the likely benefits. Fed. R. Civ. P. 26(b)(2)(C). The party resisting disclosure bears the burden of establishing undue burden or cost.[1] Fed. R. Civ. P. 26(b)(2)(B); see also U & I Corp. v. Advanced Med. Design, Inc., 251 F.R.D. 667, 674 (M.D. Fla. 2008). If a showing of undue burden is made, a court may nonetheless order discovery of electronically stored information if the requesting party shows good cause for disclosure. Fed. R. Civ. P. 26(b)(2)(B).

In March 2009, the Federal Trade Commission ("FTC") began investigating Transitions Optical, Inc. ("Transitions") to determine whether Transitions was engaging in anticompetitive conduct with respect to the photochromic lens market. As part of the FTC investigation, Transitions

---

[1] At the hearing, the parties stated that the discovery at issue is principally electronically stored information.

agreed to produce relevant documents and information dated through April 1, 2009. The FTC reached a settlement with Transitions, which became final in April 2010 when the FTC issued a Decision and Order requiring Transitions to cease engaging in certain market practices.

In October 2010, as part of discovery in this litigation, Transitions produced to Plaintiffs the same material that it provided to the FTC. In January 2011, Plaintiff Insight Equity A.P., d/b/a Vision-Ease Lens Worldwide ("Vision Ease"), along with other Plaintiffs, served Transitions with requests for production. Transitions objected to the requests for production, and the parties conferred extensively in an effort to narrow and resolve the issues in dispute.

Transitions eventually agreed to produce documents relating to thirty-five of its employees (the "agreed custodians"). According to Transitions, nine of the agreed custodians are key executives with the most relevant information (the "nine executives"). Transitions agreed to produce documents from the nine executives dated through January 1, 2011 and documents from the other twenty-six employees dated through April 1, 2009. Transitions also agreed to produce company-wide information concerning pricing, sales, finances, and other data dated through January 1, 2011.

In addition to the materials that Transitions agreed to produce, Vision Ease seeks to compel Transitions to produce: (1) documents from an additional three employees: Bette Zaret, Patience Hansen, and Laura Starman; and (2) documents from all employees dated through January 1, 2011. Vision Ease seeks documents created after April 1, 2009 to verify whether Transitions ceased its anticompetitive conduct as required by the FTC order. Vision Ease also wants the requested discovery to evaluate the impact of the FTC order on Transitions's business.

Transitions responds that the additional discovery is cumulative in view of its agreement to

produce company-wide information and documents from the nine executives dated through January 1, 2011. While denying that it engaged in any prohibited conduct, Transitions submits that if it continued to engage in anticompetitive conduct in violation of the FTC order, the nine executives would have information concerning such violations. Transitions also submits that the nine executives whose records the company agrees to produce may contain many communications from lower-level employees who reported to them.

Transitions also contends that the cost of the additional discovery is unduly burdensome and that this burden outweighs the likely benefits of the additional discovery. In support of this contention, Transitions filed an affidavit from its attorney who is most involved in the document production, Lisa Davis (Dkt. 148). According to Davis, it would cost approximately $1.4 million to expand the time frame of discoverable documents and approximately $165,000 to produce documents from three additional employees. While disputing these cost estimates as unrealistic, Vision Ease has offered no persuasive evidence that the anticipated cost is substantially less than that estimated by Transitions.

In light of Transitions's agreement to produce company-wide information and to expand the time frame of discoverable documents for the nine executives, the court finds that the financial burden of producing documents for the expanded time frame sought by Vision Ease outweighs the likely benefits and that Vision Ease has not shown good cause to grant the relief it seeks. Based on the present record, Vision Ease's request to expand the time frame of discoverable documents is denied as to all employees other than the nine executives.

As to Vision Ease's request for discovery from additional employees, Vision Ease attached multiple exhibits to its motion that show Starman was directly involved in accounting for the

discounts and rebates that Transitions gave to its customers in exchange for the alleged exclusive agreements (See Dkt. 142 Ex. 10-11, 13-18). But the communications attached to Vision Ease's motion that name either Zaret or Hansen were all sent to or from one or more of the agreed custodians (Dkt. 142 Ex. 8, 23-29). And the meeting minutes from the July 2007 executive meeting with Walmart show that agreed custodians attended the meeting along with Zaret and Hansen (Dkt. 142 Ex. 8, 22). Moreover, Hansen's supervisor is one of the agreed custodians. Thus, balancing the likely benefit of the requested discovery against the burden weighs in favor of producing documents from Starman, but not Zaret or Hansen. Transitions has shown that producing the disputed discovery would be burdensome and that the probative value of such information is slight, and Plaintiff has not shown good cause for disclosure based on the present record.

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1)   Plaintiff Vision Ease's **Amended Motion to Compel** (Dkt. 140) is **GRANTED** in part and **DENIED** in part;

(2)   Transitions shall produce documents from custodian Laura Starman; the motion to compel is denied as to all other requests for relief.

**DONE AND ORDERED** in Tampa, Florida on this 1st day of September, 2011.

ELIZABETH A JENKINS
United States Magistrate Judge