# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| | Case No. 8:10-md-2173-JDW-EAJ |
| **This document relates to the following cases:** | Hon. James D. Whittemore |
| | Hon. Elizabeth A. Jenkins |
| Case No. 8:10-CV-1158 | |
| Case No. 8:10-CV-1358 | |
| Case No. 8:10-CV-1825 | |
| Case No. 8:10-CV-2089 | |
| Case No. 8:10-CV-2090 | |
| Case No. 8:10-CV-2091 | |
| Case No. 8:10-CV-2418 | **DECLARATION OF JEFFREY C. BANK IN SUPPORT OF DEFENDANT TRANSITIONS OPTICAL, INC.'S MOTION TO COMPEL DISCOVERY RESPONSES FROM INDIRECT PURCHASER END-USER PLAINTIFFS** |
| Case No. 8:10-CV-1840 | |
| Case No. 8:11-CV-2599 | |

I, Jeffrey C. Bank, declare as follows:

1. I am an Associate with the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record in this matter for Defendant Transitions Optical, Inc. ("TOI"). I am duly licensed to practice law in the state of New York. I make this declaration in support of TOI's Motion to Compel Discovery Responses from Indirect Purchaser End-User Plaintiffs ("Plaintiffs"). If called upon, I could provide the following testimony based on personal knowledge, my review of the files of this case, or my conversations with colleagues or opposing counsel.

2. On August 11, 2011, TOI propounded its First Request for Production of Documents and First Set of Interrogatories on Plaintiffs. By agreement of the parties,

Plaintiffs served their responses and objections to the requested discovery on September 27, 2011.

3.    The parties held meet and confer conference calls on October 18, 2011, October 25, 2011, November 16, 2011, and December 7, 2011 to discuss the objections and attempt to resolve them.

4.    During the December 7, 2011 conference call, counsel agreed that impasse had been reached as to requests 3, 4, 15, and 16 of TOI's First Requests for Production of Documents and interrogatories 6 and 7 of TOI's First Set of Interrogatories and that the dispute was ripe for decision by the Court.

5.    Attached as exhibit A is a true and correct copy of Defendant Transitions Optical, Inc.'s First Requests for Production of Documents to Indirect Purchaser End-User Plaintiffs.

6.    Attached as exhibit B is a true and correct copy of Defendant Transitions Optical, Inc.'s First Set of Interrogatories to Indirect Purchaser End-User Plaintiffs.

7.    Attached as exhibit C is a true and correct copy of Indirect Purchaser End-User Plaintiffs' Objections & Responses to Defendant Transitions Optical, Inc.'s First Requests for Production of Documents.

8.    Attached as exhibit D is a true and correct copy of Indirect Purchaser End-User Plaintiffs' Objections & Responses to Defendant Transitions Optical, Inc.'s First Set of Interrogatories.

9. Attached as exhibit E is a true and correct copy of a letter from Daniel P. Weick to counsel for Plaintiffs dated November 16, 2011 regarding the meet and confer process.

10. Attached as exhibit F is a true and correct copy of a letter from Erich Schork to Mr. Weick dated November 22, 2011 responding to Mr. Weick's letter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 6, 2012          /s/ Jeffrey C. Bank
                                Jeffrey C. Bank

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing Declarationo f Jeffrey C. Bank in Support of Defendant's Motion to Compel Discovery Responses from Indirect Purchaser End-User Plaintiffs to be served via ECF on this 6th day of January 2012.

Dated: January 6, 2012

/s/ Jeffrey C. Bank
Jeffrey C. Bank