UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

MDL Case No.: 8:10-MD-2173-T-27EAJ

_____/

## ORDER

Before the court is Plaintiff Insight Equity AP X LP's, d/b/a Vision-Ease Lens Worldwide ("Vision-Ease") **Motion to Compel Discovery Related to Laurent Dosseville** (Dkt. 231), Defendant Transitions Optical, Inc.'s ("Transitions") **Opposition** (Dkt. 241), and Vision-Ease's **Reply** (Dkt. 256).[1] The court heard oral argument on the motion on April 30, 2012. For the reasons stated at the hearing and those explained below, Vision-Ease's motion to compel is granted.

## Background

Vision-Ease seeks discovery from Laurent Dosseville, an executive and Senior Business Director for Transitions. Vision-Ease claims that from 2005 to 2008, Dosseville was Transitions's executive in charge of its relationship with Defendant Essilor of America, Inc. ("EOA"), Transitions's largest U.S. customer. Vision-Ease also contends that Dosseville coordinated efforts between Transitions and EOA to stifle competition from Vision-Ease.

During times relevant to this litigation, Dosseville worked out of EOA's headquarters in Dallas, Texas. In 2008, Dosseville was transferred to France where he currently works. Vision-Ease's motion seeks to compel Transitions to: (1) produce all responsive documents in Dosseville's possession, including, at a minimum, all responsive documents on his laptop computer and a

---

[1] The Direct Purchaser Plaintiffs filed a **Notice of Joinder** (Dkt. 236) in Vision-Ease's motion to compel.

notebook that he used while working in the U.S.; and (2) make Dosseville available for a videotaped deposition in the U.S. under the Federal Rules of Civil Procedure. At the hearing, Transitions stated that Dosseville is a French citizen. However, he works for a U.S. company, and the documents sought were apparently created when he worked in the U.S.

## Discussion

Transitions objects to discovery from Dosseville on the basis that a French blocking statute prevents him from voluntarily producing documents that are located in France. Transitions insists that to obtain discovery from Dosseville, Vision-Ease should be required to proceed under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention"). Transitions also disputes the relevance of documents from Dosseville. Vision-Ease responds that discovery from Dosseville is relevant and that the Hague Convention procedures are inapplicable.[2]

Dosseville was involved in Transitions's efforts to compete with Vision-Ease and in maintaining Transitions's relationship with one of its largest customers, EOA. Consequently, discovery from Dosseville is relevant. Having determined that discovery from Dosseville is relevant, the court will next consider Transitions's objection based on the French blocking statute and its argument that discovery from Dosseville should be taken pursuant to the Hague Convention.

1.  **The French Blocking Statute**

Transitions argues that compliance with Vision-Ease's discovery requests exposes Dosseville

---

[2] Vision-Ease also contends that Transitions has waived its right to object to discovery from Dosseville. However, because Transitions's objections do not justify precluding discovery from Dosseville or utilizing the Hague Convention procedures, the court does not need to address the waiver issue.

2

to the risk of prosecution under the French blocking statute – a risk that would be eliminated by using the Hague Convention procedures. To support this contention, Transitions points to a 2007 French case brought for violation of the blocking statute, In re Advocat Christopher X, No. 07-83228 (Cour de Cassation, Chambre Criminelle Dec. 12, 2007).

The French blocking statute prohibits individuals from producing economic, commercial, industrial, financial, or technical documents or information for use as evidence in a foreign judicial proceeding, unless such information is produced pursuant to a treaty such as the Hague Convention. Code Penal, art. 1A of law No. 80-538 (Fr.); see also In re Air Cargo Shipping Servs. Antitrust Litig., 278 F.R.D. 51, 52 & n.1 (E.D.N.Y. 2010). In considering the French blocking statute, the Supreme Court has stated that:

> It is well settled that such statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 204-06 (1958). Nor can the enactment of such a statute by a foreign nation require American courts to engraft a rule of first resort onto the Hague Convention, or otherwise to provide the nationals of such a country with a preferred status in our courts. It is clear that American courts are not required to adhere blindly to the directives of such a statute. Indeed, the language of the statute, if taken literally, would appear to represent an extraordinary exercise of legislative jurisdiction by the Republic of France over a United States district judge, forbidding him or her to order any discovery from a party of French nationality, even simple requests for admissions or interrogatories that the party could respond to on the basis of personal knowledge.

Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for the S. Dist. of Iowa, 482 U.S. 522, 544 n.29 (1987). Although the risk of criminal prosecution weighs heavily against ordering production, courts have discounted this risk when considering the French blocking statute. E.g., In re Air Cargo, 278 F.R.D. at 53-54; In re Vivendi Universal, S.A. Secs. Litig., No. 02-CV-5571-RJH-HBP, 2006 WL 3378115, *3 (S.D.N.Y. Nov. 16, 2006). The legislative history of the

statute indicates that it was not intended to be enforced against French subjects; rather, it was intended to provide French subjects with leverage in foreign courts. In re Air Cargo, 278 F.R.D. at 54.

As to the 2007 French case cited by Transitions, the court in In re Air Cargo found that it did not demonstrate a significant risk of prosecution for violation of the blocking statute. Id. The Christopher X case involved a French attorney who sought to obtain testimonial evidence for a case pending in California by making false statements to a potential witness in France. Id. In distinguishing the case, the In re Air Cargo court noted that Christopher X did not involve court-ordered discovery; because the case involved false statements, it did not demonstrate a significant risk of prosecution in the absence of deception. Id.

Besides Christopher X, Transitions has not identified any other cases where an individual was prosecuted for violation of the French blocking statute. Nor has Transitions proffered specific facts demonstrating that Dosseville faces a risk of prosecution. Therefore, the danger of prosecution is speculative. Consequently, deference to the French blocking statute is not warranted, and the statute does not require resort to the Hague Convention procedures.

**2.      Comity Analysis**

The Hague Convention does not provide the exclusive or even preferred method for obtaining discovery from foreign individuals. Aerospatiale, 482 U.S. at 538, 544. In determining whether the evidence-gathering procedures of the Hague Convention should be used, a court should consider: (1) the particular facts of each case; (2) the sovereign interests involved; and (3) whether resort to the Hague Convention would be an effective discovery device. Id. at 542. Moreover, courts should protect foreign litigants from unduly burdensome discovery. Id. at 546. The proponent of using the

Hague Convention procedures bears the burden of demonstrating the necessity for using those procedures. See id. at 547; see also In re Auto. Refinishing Paint Antitrust Litig., 358 F.3d 288, 305 (3d Cir. 2004).

The concept of international comity is a central consideration in determining whether the Hague Convention procedures should be used. In re Air Cargo, 278 F.R.D. at 54. Factors relevant to a comity analysis include:

(1) the importance of the information requested to the litigation;
(2) the degree of specificity of the request;
(3) whether the information originated in the United States;
(4) the availability of alternative means of securing the information; and
(5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

Aerospatiale, 482 U.S. at 544 n.28. Considering the above factors, discovery should proceed under the Federal Rules of Civil Procedure, not the Hague Convention. As discussed above, discovery from Dosseville is relevant. Further, aside from its objection based on the French blocking statute, Transitions does not argue that producing discovery from Dosseville would be unduly burdensome or expensive. Nor does the discovery sought appear burdensome on its face. The information originated in the United States, and Vision-Ease avers that the information is unique and not available by any other means. And given that the discovery deadline is less than three months away, the Hague Convention procedures would not be a particularly effective discovery device as discovery under the Hague Convention could take six months to a year.[3]

As to the fifth comity factor, the balancing of national interests, the U.S. has strong interests

---

[3] See U.S. Dep't of State, Hague Convention on Taking of Evidence Abroad in Civil or Commercial Matters, TRAVEL.STATE.GOV, http://travel.state.gov/law/judicial/judicial_689.html (last visited April 30, 2012).

in enforcing its antitrust laws and fairly adjudicating matters before its courts. See In re Air Cargo, 278 F.R.D. at 54. These interests are balanced against France's lesser interests in potentially asserting the applicability of the blocking statute on behalf of one of its citizens. Here, the information sought was created in the U.S. by the witness when he worked for a U.S. company, the same one he works for now in France. And because the discovery sought is not unduly burdensome, France does not have an interest in protecting one of its citizens from abusive discovery. Thus, this factor does not weigh in favor of using the Hague Convention procedures.

In sum, the interests of comity do not require use of the Hague Convention procedures in obtaining discovery from Dosseville.

## Conclusion

Accordingly, and upon consideration, it is **ORDERED** and **ADJUDGED** that:

(1) Vision-Ease's **Motion to Compel Discovery Related to Laurent Dosseville** (Dkt. 231) is **GRANTED**.

(2) Transitions shall make Laurent Dosseville available for a deposition in the United States on or before July 15, 2012, unless another time is agreed to by the parties and the witness that is on or before August 15, 2012. If the parties agree to depose Dosseville beyond the discovery deadline, as provided above, no case deadlines will be extended as a result.

**DONE AND ORDERED** in Tampa, Florida on this 2nd day of May, 2012.

*[signature]*
_____
ELIZABETH A JENKINS
United States Magistrate Judge