**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

**MDL Case No.: 8:10-MD-2173-T-27EAJ**

_____/

<u>**ORDER**</u>

Before the court is the parties' **Supplemental Joint Case Management Statement and Proposed Revised Scheduling Order** (Dkt. 292).

Despite extensive negotiations, the parties cannot agree on many aspects of a revised case management plan and ask the court to resolve their disputes.[1] Their sole point of agreement is that, due to religious holidays, a twelve-day extension is justified for Plaintiffs' reply briefs to Defendants' responses in opposition to class certifications.   Beyond that, Plaintiffs seek extensions to fact discovery, merit expert reports, rebuttal reports, dispositive, and <u>Daubert</u> motions.  While amenable to limited increases in some deadlines, Defendants[2] oppose the longer deadlines sought by Plaintiffs in some instances.

Moreover, Plaintiffs[3] do not agree on the schedule after the close of fact discovery.  Class Plaintiffs argue that merits expert reports, expert discovery and subsequent motions should be triggered by the court's rulings on class certifications.  Alternatively, Class Plaintiffs assert that

---

[1] The District Judge referred the matter to the undersigned for resolution. (Dkt. 299)

[2] Defendants are Transitions Optical, Inc., Essilor of America, Inc., and Essilor Laboratories of America, Inc.

[3] Plaintiffs are Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs (collectively "Class Plaintiffs"); and Insight Equity A.P.X. d/b/a Vision-Ease Lens Worldwide ("Plaintiff Vision-Ease").

an across-the-board extension of three months is warranted.   In contrast, Plaintiff Vision-Ease proposes shorter extensions that do not rely on the class certification rulings.   Ultimately, Plaintiffs indicate that a bifurcated schedule may be appropriate, with different deadlines for Class Plaintiffs and Plaintiff Vision-Ease.

Additionally, Plaintiffs wish to depose Rick Elias ("Mr. Elias"), a former chief executive officer of Defendant Transitions, for fourteen (14) hours instead of the seven-hour limit imposed by Fed. R. Civ. P. 30(d)(1).   Defendant Transitions opposes bifurcation of deadlines and any deposition of Mr. Elias beyond the seven-hour limit.   Lastly, all parties seek an order confirming that all discovery obtained may be used by any party for litigation purposes in this proceeding.

### Bifurcation of deadlines and deposition of Mr. Elias

As explained below, good cause exists to extend certain deadlines.   However, in the interest of fairness and efficiency, Plaintiffs' schedules shall remain consolidated, with no bifurcation of deadlines between Class Plaintiffs and Plaintiff Vision-Ease.   Earlier in this litigation, Plaintiffs and Defendants argued in favor of consolidation, noting that a unified schedule was needed to avoid duplicative discovery burdens.   (See Dkt. 81 at 9-13; Dkt. 87 at 3)  As those concerns remain valid, there is no justification for changing course now.

Additionally, Plaintiffs' request to depose Mr. Elias for fourteen hours, double the amount of time permitted by the rules, is denied as Plaintiffs fail to show good cause for the request.   Absent an agreement, a court order is needed to depose a witness for longer than seven hours.   Fed. R. Civ. P. 30(d)(1).   Parties can show good cause to extend a deposition, *inter alia*, if the questioning involves many documents or activities over a number of years.   See, e.g., Dunkin' Donuts, Inc. v. Mary's Donuts, Inc., 206 F.R.D. 518, 522 (S.D. Fla. 2002) (granting

motion to depose witness for fourteen hours due to the complexity of the case and 10,000 pages of documents to be explored).

In this case, Plaintiffs explain that Mr. Elias served in a leadership position for Defendant Transitions for twenty years and that he likely was involved with key issues in this litigation. (Dkt. 292 at 16-17)  Plaintiffs also contend that the "set of likely exhibits" for use during Mr. Elias's deposition will be larger than any other witness in the case.  (Id. at 16)  However, Defendants point out that the factual issues in this case comprise only the past ten years, at most, and that Mr. Elias would be the only CEO subjected to more than seven hours of deposition time if the extension is granted.  Plaintiffs' showing does not justify subjecting Mr. Elias to a fourteen-hour deposition.  In multi-party litigation, the Advisory Committee Notes to Rule 30 explain that "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about common areas of interest." Fed. R. Civ. P. 30 advisory committee's note.  Plaintiffs should strive to consolidate their questions and avoid duplication where possible.  Accordingly, the deposition of Mr. Elias is limited to seven hours.

## Extensions to deadlines

Under the current schedule,[4] the deadline for Plaintiffs' motions for class certifications was June 15, 2012.  Defendants are to file responses in opposition to class certification by September 17, 2012, and Plaintiffs' replies are due October 1, 2012.  The fact discovery deadline was July 15, 2012.  Expert  discovery and expert disclosures are due December 11, 2012, and dispositive and Daubert motions are due December 18, 2012.

---

[4] The dates are set out in the August 3, 2011 Case Management and Scheduling Order (Dkt. 151), as amended by the February 16, 2012 order modifying class certification briefing (Dkt. 227).

Except for the extensions that follow, the Case Management and Scheduling Order filed on August 3, 2011, as amended by the order modifying class certification briefing filed on February 16, 2012, shall continue to govern the parties.

Accordingly, and upon consideration, it is **ORDERED** that the deadline for:

(1)     fact discovery is **August 30, 2012** for the limited purposes of completing party depositions; non-party productions in response to subpoenas duces tecum; non-party testimonial depositions; and requests for admissions;[5]

(2)     initial expert reports as to the merits of a party's claims is **September 30, 2012**;

(3)     Plaintiffs' reply briefs to Defendants' responses in opposition to class certification is **Oct. 12, 2012**;

(4)     expert reports in response to expert reports as to the merits of a party's claims is **November 19, 2012**;

(5)     rebuttal expert reports is **December 19, 2012**;

(6)     expert discovery and expert disclosures is **January 19, 2013**; and

(7)     dispositive and Daubert motions is **January 26, 2013**.

<u>**Discovery to be shared by all parties**</u>

It is further **ORDERED** that all discovery in this litigation may be used by any party for litigation purposes in this proceeding.

**DONE AND ORDERED** in Tampa, Florida on this 31st day of July, 2012.

---

[5] The parties may stipulate to extend this deadline briefly as long as the extension of fact discovery does not affect the other case management deadlines.

4

ELIZABETH A JENKINS
United States Magistrate Judge