UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

MDL Case No. 8:10-MD-2173-T-27EAJ

_____/

## ORDER

Before the Court is the parties' **Joint Supplemental Case Management Statement and Proposed Revised Scheduling Order** (Dkt. 431). The parties[1] seek extensions for deadlines related to expert discovery and summary judgment briefing.[2]

While agreeing that revised deadlines are warranted, the parties disagree in some instances on the length and timing of the extensions. The parties also state that they have discussed mediation and remand procedures, as directed by the Court's August 3, 2011 Case Management and Scheduling Order (Dkt. 151). The parties submit that remand procedures should not be addressed at this point because they are more appropriately tied to rulings on motions for class certification or to summary judgment briefing.[3]

In addressing the requests for extensions to certain deadlines, the Court notes that the parties state that some attorneys and expert witnesses were unable to work for a period of time due to the

---

[1] Plaintiffs are Insight Equity A.P.X. d/b/a Vision-Ease Lens Worldwide, Direct Purchaser Plaintiffs, and Indirect Purchaser End-User Plaintiffs. Defendants are Transitions Optical, Inc., Essilor of America, Inc., and Essilor Laboratories of America, Inc.

[2] The District Judge referred the matter to the undersigned for resolution. (Dkt. 432)

[3] Regarding remand procedures, the Case Management and Scheduling Order states: "On or before December 31, 2012, the parties shall jointly file a supplement to the Joint Case Management Report setting forth proposed procedures and dates for remand and/or trial." (Dkt. 151 at 2)

power outages in the northeastern United States after Hurricane Sandy. Moreover, given the complexity of this antitrust litigation and the parties' efforts to work cooperatively within the current schedule, the Court finds good cause to extend deadlines related to expert discovery, dispositive motions, and <u>Daubert</u> motions. <u>See</u> Fed. R. Civ. P. 16(b)(4) (explaining that a case management schedule "may be modified only for good cause"). Additionally, the parties are directed to supplement the Joint Case Management Report with proposed remand and mediation procedures[4] as set forth below.

Accordingly and upon consideration, it is hereby **ORDERED and ADJUDGED** that:

(1) the deadline for rebuttal expert reports is **January 21, 2013**;

(2) the close of expert discovery and disclosures is **February 15, 2013**;

(3) on or before **February 28, 2013**, the parties shall jointly file a supplement to the Joint Case Management Report setting forth proposed procedures for the mediation of the parties' disputes, including the consolidated and individual cases;

(4) dispositive motions and <u>Daubert</u> motions shall be due 30 days after class certification rulings;

(5) responses in opposition to dispositive motions and <u>Daubert</u> motions shall be due 45 days after dispositive motions and <u>Daubert</u> motions are filed; and

(6) the parties shall jointly file a supplement to the Joint Case Management

---

[4] Although the parties contend that mediation is not appropriate and will not be an efficient use of time, the Court disagrees. According to the Case Management and Scheduling Order, the parties were to have jointly submitted proposed mediation procedures on or before December 31, 2012. (Dkt. 151 at 2)

Report setting forth proposed procedures and dates for remand and/or trial within 30 days after summary judgment motions are briefed.

**DONE and ORDERED** in Tampa, Florida on this 3rd day of January, 2013.

_____
ELIZABETH A JENKINS
United States Magistrate Judge