EXHIBIT

1

AO 88A (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| In re: Photochromic Antitrust Litigation ) <br> *Plaintiff* ) <br> v. ) <br> ) <br> ) <br> *Defendant* ) | Civil Action No. 8:10-md-2173-JDW-EAJ <br><br> (If the action is pending in another district, state where: <br> Middle District of Florida ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: NERA Economic Consulting, 360 Hamilton Avenue, 10th Floor, White Plains, New York 10601,
c/o Chul Pak, Esq., Wilson Sonsini Goodrich & Rosati.

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

See Attachment "A", Definitions, Instructions and Subject Matter of Testimony

| Place: Pomerantz Grossman Hufford Dahlstrom & Gross LLP, 600 Third Avenue, 20th Fl., New York, NY 10016, or other mutually agreeable place and time | Date and Time: <br> 02/15/2012 9:30 am |
|---|---|

The deposition will be recorded by this method: __stenographically and videotape__

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: __02/04/2013__

CLERK OF COURT

OR

_____      /s/ Adam Kurtz
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Indirect Purchaser Plaintiffs
_____, who issues or requests this subpoena, are:
Pomerantz Grossman Hufford Dahlstrom & Gross LLP, 600 Third Ave., New York, NY 10016, 212-661-1000,
AGKurtz@pomlaw.com, Adam G. Kurtz

Civil Action No. 8:10-md-2173-JDW-EAJ

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)*   NERA Economic Consulting
was received by me on *(date)*                    .

☐ I served the subpoena by delivering a copy to the named individual as follows:

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT "A" TO SUBPOENA TO TESTIFY AT A 30(b)(6) DEPOSITION

### Definitions, Instructions and Subject Matter of Testimony

### I. Instructions and Definitions

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. If you file an objection to any portion of the subpoena, please be prepared to go forward with the 30(b)(6) deposition as scheduled as to the unobjectionable Subject Matter of Testimony.

3. "NERA" means NERA Economic Consulting and its employees, agents, staff, associates, partners, directors, executives, principals, consultants, and any other persons acting on its behalf.

4. "Document" shall have the meaning ascribed to it in Fed. R. Civ. P. 34(a) and shall include every writing or record of every type and description in any form whatsoever (printed, handwritten, electronic, or otherwise).

5. "Person" or "NERA client" means a natural person, corporation, association, company, subsidiary, firm, partnership, joint venture, trust, estate, agency, department, division, bureau, governmental entity, judicial person or entity, and any other legal entity, and all of their officials, directors, officers, employees, representatives, attorneys, agents and/or any other person acting on their behalf.

6. "The Expert Report" means the Expert Report of Lauren J. Stiroh, Ph.D., In Re Photochromic Lens Antitrust Litigation - Achtman et al. Plaintiffs, dated Dec. 3, 2012.

7. "An Expert Report" means any report prepared by NERA, in its capacity of an economic consulting firm, on behalf of any of its clients.

## II. Subject Matter of Testimony

1. NERA's custom, habit, practice, procedure and/or protocol for taking, finalizing, and preparing memoranda or other documents recording or relating to the subject matter of communications or conversations between NERA and NERA clients or other persons.

2. The creation, preparation and finalization of any and all memoranda, documents or data concerning or relating to all conversations with David Cole and John Ligas in connection with NERA's work on behalf of Transitions Lens, Inc., and the preparation of the Expert Report of Lauren J. Stiroh, Ph.D., In Re Photochromic Lens Antitrust Litigation - Achtman et al. Plaintiffs, dated Dec. 3, 2012, in particular, including, but not limited to, the Memo, dated Nov. 3, 2012, *see* Stiroh_0000076-83; *see also* Exh. 15 to Lauren Stiroh's deposition (Jan. 16, 2013).

3. The reason(s) why memoranda, documents or recorded impressions concerning or relating to communications with persons regarding an expert report are prepared, created and/or taken.

4. Communications within NERA concerning or relating to the conversations with David Cole and John Ligas in connection with NERA's work on behalf of Transitions Lens Inc. and the preparation of the Expert Report, in particular.

5. The NERA employees, consultants and other persons who were present (either in-person or telephonically) during and/or participated in any conversation with David Cole and John Ligas in connection with NERA's work on behalf of Transitions Lens, Inc. and the preparation of the Expert Report, in particular.