EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

IN RE: PHOTOCHROMIC LENS ) 8:10-md-2173-JDW-EAJ (M.D. Fla.)
ANTITRUST LITIGATION )

## OBJECTIONS OF NON-PARTY NERA ECONOMIC CONSULTING AND DEFENDANT TRANSITIONS OPTICAL, INC. TO SUBPOENA

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), NERA Economic Consulting ("NERA") and Defendant Transitions Optical, Inc. ("Transitions"), by and through their attorneys, hereby object to the subpoena issued by Plaintiffs dated February 4, 2013 and served February 6, 2013.

### GENERAL OBJECTIONS

1. NERA and Transitions object to the subpoena in its entirety as the copy served on NERA is not signed by an attorney or by the Clerk of the U.S. District Court for the Southern District of New York (or her authorized deputy) and thus does not comport with Federal Rule of Civil Procedure 45(a).

2. NERA and Transitions object to the subpoena in its entirety as calling for deposition testimony by a non-testifying expert. The requested information is not likely to lead to the discoverability of admissible evidence, but, if it were, the time to seek the information would have been during the deposition of Dr. Lauren J. Stiroh. If Dr. Stiroh is not the intended witness, then, by definition, the subpoena is for facts known by non-testifying experts. Discovery of facts known to non-testifying experts is expressly barred by Federal Rule of Civil Procedure 26(b)(4)(D).

3. NERA and Transitions object to the subpoena in its entirety as imposing an undue burden under Federal Rule of Civil Procedure 45(c). Plaintiffs have had sufficient opportunity to

depose David Cole, John Ligas, and Dr. Stiroh, and providing further testimony is unnecessarily duplicative and burdensome. Further, preparing for and providing testimony in response to a subpoena that is expressly disallowed by Federal Rule of Civil Procedure 26(b)(4)(D) is by definition unduly burdensome.

4. NERA and Transitions object to the subpoena in its entirety to the extent that it calls for disclosure of communications protected from discovery by Rule 26 and the parties' December 13, 2011 Stipulation Regarding Non-Discoverability of Certain Expert Materials and Communications (Docket Number 201).

5. NERA and Transitions also object to the subpoena to the extent it seeks disclosure of communications protected from discovery by the attorney-client privilege, the work-product doctrine, or any other applicable privilege or exemption.

6. Plaintiffs were specifically advised that pursuing this subpoena was plainly improper and would result in a request for sanctions in a series of communications dated January 18, 2013, and February 4, 2013. Accordingly, and because the subpoena was issued without any reasonable justification, NERA and Transitions are entitled to their costs, including attorneys' fees in preparing these objections

## OBJECTIONS TO "INSTRUCTIONS AND DEFINITIONS"

1. NERA and Transitions object to the "Instructions and Definitions" to the extent that they purport to impose burdens or requirements beyond the requirements of the Federal Rules of Civil Procedure. NERA and Transitions will not assume any burden not imposed by the applicable procedural rules and governing law.

2. NERA and Transitions object to the term "NERA" to the extent it encompasses any person other than Dr. Stiroh, as no other persons encompassed by the defined term are

proposing to testify in the above-captioned case. Such persons are therefore not subject to discovery pursuant to Federal Rule of Civil Procedure 26(b)(4)(D). NERA and Transitions further object to the term to the extent it includes Dr. Stiroh as she has already provided deposition testimony in this matter and cannot be required to give a further deposition.

3. NERA and Transitions object to the terms "Person" and "NERA client" to the extent they encompass any non-party to the above-captioned case as such persons are irrelevant to the above-captioned case.

4. NERA and Transitions object to the term "An Expert Report" to the extent it covers reports or other activities not related to the above-captioned case as such reports and activities are irrelevant to the above-captioned case.

## OBJECTIONS TO "SUBJECT MATTER OF TESTIMONY"

**Topic 1:** NERA and Transitions reassert and incorporate by reference all of the foregoing objections. In particular, this topic is overbroad and unduly burdensome to the extent it seeks discovery of policies or activities unrelated to the above-captioned case. No testimony shall be provided on this topic.

**Topic 2:** NERA and Transitions reassert and incorporate by reference all of the foregoing objections. In particular, all communications relevant to this topic are protected from discovery by Federal Rule of Civil Procedure 26(b)(4) and the parties' December 13, 2011 Stipulation Regarding Non-Discoverability of Certain Expert Materials and Communications (Docket Number 201). No testimony shall be provided on this topic.

**Topic 3:** NERA and Transitions reassert and incorporate by reference all of the foregoing objections. In particular, this topic is overbroad and unduly burdensome to the extent

it seeks discovery of policies or activities unrelated to the above-captioned case. No testimony shall be provided on this topic.

**Topic 4:** NERA and Transitions reassert and incorporate by reference all of the foregoing objections. In particular, all communications relevant to this topic are protected from discovery by Federal Rule of Civil Procedure 26(b)(4) and the parties' December 13, 2011 Stipulation Regarding Non-Discoverability of Certain Expert Materials and Communications (Docket Number 201). No testimony shall be provided on this topic.

**Topic 5:** NERA and Transitions reassert and incorporate by reference all of the foregoing objections. In particular, this topic is unduly burdensome as Dr. Stiroh already identified the participants in the calls to the best of her recollection at her depositions in these proceedings. No testimony shall be provided on this topic.

Dated: February 12, 2013

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Jonathan M. Jacobson*
Jonathan M. Jacobson

Jonathan M. Jacobson
Chul Pak
Daniel P. Weick
1301 Avenue of the Americas
40th Floor
New York, NY 10019
Telephone: (212) 497-7758
Facsimile: (212) 999-5899
Email: jjacobson@wsgr.com

*Attorneys for Non-Party NERA Economic Consulting & Defendant Transitions Optical, Inc.*