# EXHIBIT 9

**WSGR** Wilson Sonsini Goodrich & Rosati
PROFESSIONAL CORPORATION

1301 Avenue of the Americas, 40th Floor
New York, NY 10019-6022
PHONE 212.999.5800
FAX 212.999.5899

www.wsgr.com

**VIA ELECTRONIC & U.S. MAIL**

January 9, 2013

F. Matthew Ralph, Esq.
Dorsey & Whitney LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
*Attorneys for Insight Equity A.P.X, LP,
d/b/a Vision-Ease Lens Worldwide*

Re:   *In re Photochromic Lens Antitrust Litigation*

Dear Counsel:

Enclosed and served upon you by U.S. postal mail is a true and correct copy of the Subpoena to Produce Documents to Kenneth C. Baseman.

Courtesy copies have been sent to you via e-mail.

Regards,

Ariana Del Vecchio
Senior Litigation Paralegal

Enclosures

cc:   Ben Barnow, Esq. (via e-mail w/ encl)
      Michael Lindsay, Esq. (via e-mail w/encl)
      William O'Reilly, Esq., Shelli Bushman, Esq., John Majoras, Esq.,
          Sean Boyce, Esq. (via e-mail w/ encl)
      H. Laddie Montague, Esq., Bart Cohen, Esq., Jenna MacNaughton,
          Esq. (via e-mail w/ encl)
      Susan Kupfer, Esq., Michael Buchman, Esq. (via e-mail w/ encl)
      Joseph Barton, Esq. (via e-mail w/ encl)

AUSTIN   BRUSSELS   GEORGETOWN, DE   HONG KONG   NEW YORK   PALO ALTO   SAN DIEGO   SAN FRANCISCO   SEATTLE   SHANGHAI   WASHINGTON, DC

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| In re Photochromic Lens Antitrust Litigation <br> *Plaintiff* <br> v. <br> *Defendant* | Civil Action No. 8:10-md-02173-JDW-EAJ <br><br> (If the action is pending in another district, state where: <br> Middle District of Florida ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Kenneth C. Baseman, MiCRA, Microeconomic Consulting & Research Associates, Inc., 1155 Connecticut Avenue, N.W., Suite 900, Washington, DC 20036

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Schedule A.

| Place: Wilson Sonsini Goodrich & Rosati, PC <br> 1301 Avenue of the Americas, 40th Floor <br> New York, NY 10019 | Date and Time: <br><br> 01/16/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 01/09/2013

*CLERK OF COURT*

_____ OR _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Transitions Optical, Inc. , who issues or requests this subpoena, are:

Jeffrey C. Bank, Wilson Sonsini Goodrich & Rosati, PC, 1301 Avenue of the Americas, 40th Floor, New York, NY 10019, jbank@wsgr.com, 212-497-7761

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  8:10-md-02173-JDW-EAJ

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Kenneth C. Baseman
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Schedule A

### DEFINITIONS

The following Document Requests are to be read, interpreted and answered with reference to the following definitions and instructions:

1. "All" and "Any" mean both each and every.

2. "And" and "Or" shall have both conjunctive and disjunctive meanings.

3. "Communication" shall mean any oral or written exchange between two or more parties, including but not limited to electronic mail, voice mail, letters, contracts, and any other document attached thereto.

4. "Document" shall have the same full meaning as in Rule 34 of the Federal Rules of Civil Procedure.

5. "Expert Report" shall mean the Expert Report of Kenneth C. Baseman dated October 8, 2012 submitted in this Litigation.

6. "This Litigation" shall mean *In re Photochromic Lens Antitrust Litigation*, MDL Docket No. 2173, Case No. 8:10-md-02173-JDW-EAJ (M.D. Fla.).

7. "Person" shall mean any individual, individual proprietorship, corporation, partnership, joint venture, association and any other legal entity, and any director, officer, employee or agent working or acting on behalf thereof, and means both the singular and plural.

8. "Vision-Ease" shall mean Plaintiff Insight Equity A.P. X, LP, d/b/a Vision-Ease Lens Worldwide, Inc.

9. "You" or "Your" shall refer to Kenneth C. Baseman, persons working under his supervision, and any other person who assisted in the drafting of the Expert Report or the analyses on which the conclusions therein are based.

### INSTRUCTIONS

1. <u>All Versions To Be Produced</u>. Copies of all versions of a document shall be produced.

2. <u>Claims of Undue Burden</u>. If you refuse to produce documents on the ground that compliance would be unduly burdensome, set forth the number and nature of documents needed to be searched, the location of the documents, and the number of person-hours and costs that would be involved in conducting the search.

3. <u>Construction of Terms</u>. As used herein, the words "And," "And/Or" and "Or" shall be construed either conjunctively or disjunctively as required by the context to bring within the scope of these Document Requests any information that might be deemed outside their scope by another construction. The singular form of a word shall refer to the plural and vice-versa.

4. <u>Documents Subject to Production</u>. These document requests call for the production of all responsive documents in your possession, custody or control (as those terms are defined by the relevant law) without regard to the physical location of such documents.

5. <u>Produced as Maintained in Business</u>. All documents should be produced in the same order as they are kept or maintained by you in the ordinary course of your business. Data should be produced in machine-readable format and/or in native format.

6. <u>Claims of Privilege</u>. For each document withheld based upon a claim of privilege, please provide a privilege log identifying the document(s) withheld in accordance with Fed. R. Civ. P. 26(b)(5).

## DOCUMENT REQUESTS

1. All documents or communications by which Douglas Hepper, Chief Executive Officer of Vision-Ease, communicated information relied upon in the Expert Report, including but not limited to the statements reflected in paragraphs 296-300 of the Expert Report.

2. All notes or other recorded impressions of any conversations or oral communications by which Douglas Hepper, Chief Executive Officer of Vision-Ease, communicated information relied upon in the Expert Report, including but not limited to the statements reflected in paragraphs 296-300 of the Expert Report.

COUNTY OF NEW YORK STATE
OF NEW YORK ss.:

## AFFIDAVIT OF SERVICE

ARIANA DEL VECCHIO, being duly sworn deposes and says:

I am not a party to this action, am over 18 years of age, and am employed by the law firm of Wilson Sonsini Goodrich & Rosati, P.C., with offices located at 1301 Avenue of the Americas, 40th Floor, New York, New York 10019.

On January 9, 2013, I caused the following Subpoena to Produce Documents to Kenneth C. Baseman to be served via e-mail and U.S. Postal mail upon:

**F. Matthew Ralph**
DORSEY & WHITNEY LLP
50 South Sixth Street
Minneapolis, MN 55402
Ralph.Matthew@dorsey.com

by depositing a true and correct copy of said documents enclosed in a postage-paid, properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service.

Sworn to before me this 9th day of

January, 2013

Notary Public

GINO ... ...ACIOS
NOTARY PUBLIC, State of New York
No. 01PA6070071
Qualified in New York County
Commission Expires July 11, 2014