**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to:<br><br>Case No. 8:10-CV-1158<br>Case No. 8:10-CV-1358<br>Case No. 8:10-CV-1825<br>Case No. 8:10-CV-2089<br>Case No. 8:10-CV-2090<br>Case No. 8:10-CV-2091<br>Case No. 8:10-CV-2418<br>Case No. 8:10-CV-1840<br>Case No. 8:11-CV-2599 | Case No. 8:10-md-2173-JDW-EAJ<br><br>Hon. James D. Whittemore<br>Hon. Elizabeth A. Jenkins |

**DECLARATION OF DANIEL P. WEICK IN SUPPORT OF DEFENDANT TRANSITIONS OPTICAL, INC.'S AND NON-PARTY NERA ECONOMIC CONSULTING'S MOTION TO TERMINATE NON-PARTY DEPOSITION, MOTION TO QUASH NON-PARTY SUBPOENA, MOTION FOR PROTECTIVE ORDER, AND MOTION FOR SANCTIONS**

I, Daniel P. Weick, declare as follows:

1.  I am an Associate with the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record in this matter for Defendant Transitions Optical, Inc. ("Transitions") and non-party NERA Economic Consulting ("NERA"). I am duly licensed to practice law in the State of New York. I make this declaration in support of Defendant Transitions Optical, Inc.'s Memorandum in Opposition to Indirect Purchaser End-User Plaintiffs' Motion for

Class Certification. If called upon, I could provide the following testimony based on my personal knowledge, my review of the files of this case, or my conversations with colleagues.

2. Michael Buchman, counsel for Indirect Purchaser End-User Plaintiffs, first requested a deposition of a NERA representative in a January 17, 2013 telephone call to Chul Pak. Mr. Pak advised that Transitions and NERA would not consent to such a deposition. All other discussions material to the Court's resolution of this dispute are reflected in the attached exhibits.

3. Attached hereto as Exhibit A is a true and correct copy of excerpts from the Expert Report of Lauren J. Stiroh, Ph. D., in the Indirect Purchaser End-User class action dated December 3, 2012.

4. Attached hereto as Exhibit B are true and correct copies of selections from the transcripts of the depositions of Lauren J. Stiroh, Ph. D., dated January 9, 2013, January 10, 2013, and January 16, 2013.

5. Attached hereto as Exhibit C is a true and correct copy of a subpoena served on Lauren J. Stiroh, Ph.D., by counsel for Direct Purchaser Plaintiffs dated January 3, 2013.

6. Attached hereto as Exhibit D is a true and correct copy of a letter from Lisa Davis to Susan Schweiger dated January 8, 2013 providing objections and responses to the subpoena attached as Exhibit C, along with true and correct copies of documents produced by Transitions with the identifying numbers Stiroh_0000001, Stiroh_0000007, and Stiroh_00000076. Certain highly confidential information not material to the resolution of the instant dispute has been redacted in this exhibit.

7. Attached hereto as Exhibit E is a true and correct copy of a letter from the undersigned attorney to Michael Buchman dated January 18, 2013.

8. Attached hereto as Exhibit F is a true and correct copy of an e-mail dated February 4, 2013 from Adam Kurtz to all counsel of record as well as an unsigned subpoena to NERA as the attachment thereto.

9. Attached hereto as Exhibit G is a true and correct copy of an e-mail chain dated February 4, 2013 between Jonathan Jacobson, Adam Kurtz, Michael Buchman, and Susan Kupfer.

10. Attached hereto as Exhibit H is a true and correct copy of an unsigned subpoena delivered to NERA on February 6, 2013.

11. Attached hereto as Exhibit I is a true and correct copy of the cover letter accompanying the Objections of Non-Party NERA Economic Consulting and Defendant Transitions Optical, Inc. to Subpoena dated February 12, 2013 along with the objections.

12. Attached hereto as Exhibit J is a true and correct copy of an e-mail chain between Michael Buchman and Jonathan Jacobson dated February 14, 2013.

13. Attached hereto as Exhibit K is a true and correct copy of a signed subpoena served on NERA on February 14, 2013.

14. Attached hereto as Exhibit L is a true and correct copy of the transcript of the deposition of Shaena McPadden as a representative of NERA begun on February 15, 2013 and suspended pending the resolution of the instant motion.

15. Attached hereto as Exhibit M are true and correct copies of e-mails from Michael Buchman to Jeffrey Bank dated February 22, 2013.

16. All plaintiff parties in these MDL proceedings participated in depositions of Transitions employees John Ligas and David Cole during fact discovery in these proceedings. Mr. Ligas' deposition took place on August 1, 2012. He was examined by, among others, Christopher Casper, counsel for Indirect Purchaser End-User Plaintiffs. Mr. Cole was deposed in his individual capacity on August 8 and 9, 2012, and in his capacity as Transitions' 30(b)(6) representative on April 5, August 7, and August 8, 2012. He was examined by, among others, Michael Buchman, counsel for Indirect Purchaser End-User Plaintiffs.

17. Transitions has designated Dr. Lauren J. Stiroh of NERA as its liability and damages expert in this matter. It has not designated any other NERA employee as a testifying expert in this matter and has not served an expert report from any other NERA employee in this matter.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.


Dated: February 25, 2013                    _____/s/Daniel P. Weick_____
                                                          Daniel P. Weick

5

**CERTIFICATE OF SERVICE**

      I hereby certify that I caused a true and correct copy of the foregoing Declaration of Daniel P. Weick in Support of Defendant Transitions Optical, Inc.'s and Non-Party NERA Economic Consulting's Motion to Terminate Non-Party Deposition Motion to Quash Non-Party Subpoena, Motion for Protective Order, and Motion for Sanctions and accompanying exhibits to be served via ECF on this 25th day of February 2013.

Dated: February 25, 2013

                                                    /s/ Jonathan M. Jacobson
                                                       Jonathan M. Jacobson