**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to:<br><br>Case No. 8:10-cv-0984-T-27<br>Case No. 8:10-cv-1850-T-27<br>Case No. 8:10-cv-2042-T-27<br>Case No. 8:10-cv-2051-T-27<br>Case No. 8:10-cv-2171-T-27 | Case No. 8:10-md-2173-JDW-EAJ<br><br>Hon. James D. Whittemore<br>Hon. Elizabeth A. Jenkins |

**DELCARATION OF DANIEL P. WEICK IN SUPPORT OF DEFENDANTS' RESPONSE TO DIRECT PURCHASER PLAINTIFFS' OBJECTIONS TO THE REPORT & RECOMMENDATION TO DENY CLASS CERTIFICATION**

I, Daniel P. Weick, declare as follows:

1. I am an Associate with the law firm of Wilson Sonsini Goodrich & Rosati, P.C., counsel of record in this matter for Defendant Transitions Optical, Inc. ("Transitions"). I am duly licensed to practice law in the State of New York. I make this declaration in support of Defendants' Response to Direct Purchaser Plaintiffs' objections to the Report & Recommendation to Deny Class Certification. If called upon, I could provide the following testimony based on personal knowledge, my review of the files of this case, or my conversations with colleagues or opposing counsel.

2. Attached hereto as Exhibit A is a true and correct copy of a document produced by Transitions with the identifying number TOI_0611581.

3. Attached hereto as Exhibit B is a true and correct copy of a document produced by Transitions with the identifying number TOI_0611542.

4. Attached hereto as Exhibit C is a true and correct copy of a document produced by Transitions with the identifying number TOI_0611626.

5. Attached hereto as Exhibit D is a true and correct copy of a document produced by Transitions with the identifying number TOI_0611652.

6. Attached hereto as Exhibit E is a true and correct copy of a document produced by Transitions with the identifying number TOI_0611651.

7. Attached hereto as Exhibit F is a true and correct copy of a document produced by Transitions with the identifying number TOI_0861430.

8. Attached hereto as Exhibit G is a true and correct copy of selections from the transcript of the 30(b)(6) deposition of Carl Zeiss Vision, Inc. Vice-President of Global Business Solutions/Customer Enablement Karen Roberts, dated September 19, 2012.

9. Attached hereto as Exhibit H is a true and correct copy of selections from the transcript of the 30(b)(6) deposition of Younger Optics, Inc. General Manager Tom Balch, dated September 27, 2012.

10. Attached hereto as Exhibit I is a true and correct copy of a document produced by Transitions with the identifying number TOI_0523971.

11. Attached hereto as Exhibit J is a true and correct copy of selections from the transcript of the deposition of Hoya Lens of America, Inc. President Michael Ness, dated September 11, 2012.

12. Attached hereto as Exhibit K is a true and correct copy of a document produced by Transitions with the identifying number TOI_1133579.

13. Attached hereto as Exhibit L is a true and correct copy of selections from the Expert Report of Dr. Lauren J. Stiroh, Ph.D., dated December 3, 2012.

14. Attached hereto as Exhibit M is a true and correct copy of selections from the Merits Report of Hal. J. Singer, Ph.D., dated September 30, 2012.

15. Attached hereto as Exhibit N is a true and correct copy of selections from the Merits Rebuttal Report of Hal. J. Singer, Ph.D., dated January 21, 2013.

16. Attached hereto as Exhibit O is a true and correct copy of selections of the transcript of the deposition of Hal. J. Singer, Ph.D., taken February 13, 2013.

17. Attached hereto as Exhibit P is a true and correct copy of a document admitted as Exhibit 16 in the deposition of Hal. J. Singer, Ph.D., taken February 13, 2013.

18. Attached hereto as Exhibit Q is a true and correct copy of a letter from Ariana Del Vecchio to all counsel in this matter dated May 14, 2012 and admitted as Exhibit 10 in the deposition of Hal. J. Singer, Ph.D., taken February 13, 2013.

19. Attached hereto is Exhibit R is a true and correct copy of a set of PowerPoint slides presented by Gregory K. Leonard, Ph.D., at the evidentiary hearing in this matter before the Honorable Elizabeth A. Jenkins on December 3, 2012.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: April 9, 2013                                  /s/ Daniel P. Weick
                                                      Daniel P. Weick

**CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Declaration of Daniel P. Weick in support of Defendants' Response to Direct Purchaser Plaintiffs' Objections to the Report & Recommendation to Deny Class Certification to be served via ECF on this 9th day of April 2013.

I further certify that unredacted courtesy copies of this filing were served on the following counsel of record via electronic mail:

| | |
|---|---|
| Ben Barnow | b.barnow@barnowlaw.com |
| Joseph Barton | jbarton@glancylaw.com |
| Michael Buchman | mbuchman@pomlaw.com |
| Bart Cohen | bcohen@bm.net |
| Lance Harke | lharke@harkeclasby.com |
| Alex Iliff | iliff.alex@dorsey.com |
| Michael Lindsay | lindsay.michael@dorsey.com |
| Jennifer MacNaughton | jmacnaughton@bm.net |
| Linda Nussbaum | lnussbaum@gelaw.com |
| Gregory Asciolla | gasciolla@labaton.com |
| Matthew Ralph | ralph.matthew@dorsey.com |
| William O'Reilly | woreilly@jonesday.com |
| Susan Schwaiger | sschwaiger@gelaw.com |

Dated: April 9, 2013

/s/ Jonathan M. Jacobson
Jonathan M. Jacobson