## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

| | |
|---|---|
| **IN RE: PHOTOCHROMIC LENS ANTITRUST LITIGATION** | MDL Docket No. 2173 |
| | Case No. 8:10-md-2173-JDW-EAJ |
| **This document relates to the following cases:** | Hon. James D. Whittemore |
| 8:10-cv-0984-T-27<br>8:10-cv-1850-T-27<br>8:10-cv-2042-T-27<br>8:10-cv-2051-T-27<br>8:10-cv-2171-T-27 | |

## MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF DIRECT PURCHASER PLAINTIFFS' OBJECTIONS TO THE REPORT AND RECOMMENDATION ON CLASS CERTIFICATION

Direct Purchaser Plaintiffs ("Plaintiffs") respectfully move to file a ten-page reply brief to address material Defendants raised for the first time in their response to Plaintiffs' objections to the magistrate judge's report and recommendation (Dkt. 471), namely, misleading evidence regarding alleged intra-class conflicts of interest and Dr. Singer's impact model, and the Supreme Court's recent decision in *Comcast Corp. v. Behrend*, -- S.Ct. --, 2013 WL 1222646 (Mar. 27, 2013).

Defendants' use of evidence not presented to the magistrate judge is an improper and prejudicial attempt to sandbag Plaintiffs and the Court. After Defendants failed to submit *any* contemporaneous evidence to support their allegation that some class members accrued a net benefit from the challenged conduct, and after both Defendants and their expert failed to provide any contemporaneous evidence to justify Dr. Leonard's manipulation of the lens

caster exclusivity data that was the linchpin of his results, Defendants now claim to supply the missing evidence in the form of 15 new exhibits filed with their response brief (Dkt. 495).[1] Defendants have not attempted to explain why they failed to proffer these exhibits earlier. The Court would act well within its discretion if it were to disregard them. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. Fla. 2009) ("[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); *Grenier v. Marlow Yachts, Ltd.*, 2012 WL 4478976 at *5 n.5 (M.D. Fla. Sept. 27, 2012) (Whittemore, J.) (where party "has not offered any explanation for failing to raise this argument before the Magistrate … it will not be considered."); *Fashaw v. Astrue*, 2011 WL 1211455, at *1 (M.D. Fla. Mar. 30, 2011) (Whittemore, J.) (same).

More egregiously, none of Defendants' new evidence shows what they claim. Their assertions are directly contradicted by other evidence not yet before the Court, or by the exhibits themselves. A reply brief is necessary to remedy the serious prejudice that would result if Defendants were permitted to improperly include new and misleading material in their response brief. *See First Specialty Ins. Corp., v. 633 Partners Ltd.*, 300 Fed. Appx. 777, 788 (11th Cir. 2008) ("A district court's decision to permit the filing of a sur-reply is purely discretionary and should generally only be allowed when 'a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.'") (citations omitted); *TCC Air Srvs., Inc. v. Schlesinger*, 2009 WL 565516, at *7 (S.D. Fla. Mar. 5, 2009) (refusing to consider new evidence filed with plaintiff's motion for costs, noting defendants

---

[1] Of the 18 exhibits listed in the Weick Declaration (Dkt. 496), only Exhibit M (Dr. Singer's merits report) and Exhibit R (Defendants' powerpoint presentation from the class hearing) were previously before the magistrate judge. Exhibit Q, a letter from counsel transmitting new data, was not itself part of the record but was referred to in the proceedings.

would be prejudiced if court considered new evidence without allowing defendants to respond).

Plaintiffs intend to include exhibits that will demonstrate: (a) Defendants' various new so-called benefits to potential class members continued after the FTC Order barring TOI from exclusive dealing, which shows those benefits were not tied to exclusivity, and (b) TOI strong-armed lens casters into exclusivity contracts, not by offering "carrots", but by threatening lens casters with the "stick" of termination. Plaintiffs refrained from including such exhibits in their Objections or Response briefs due to the general presumption against reopening the record after a magistrate judge has ruled; however, now that Defendants have opened that door, they should not be heard to object when Plaintiffs walk through it. The Court's analysis would be highly misinformed if it considered Defendants' tardy and counterfactual exhibits and arguments without providing Plaintiffs an opportunity to respond.

Plaintiffs' request is further based on Defendants' reliance on *Comcast*, which was issued after Plaintiffs submitted their Objections. Plaintiffs would be prejudiced if the Court considered only Defendants' erroneous interpretation of the case. *Cf. Merrit v. Astrue*, 2010 WL 4983597, at *1 (M.D. Fla. Nov. 16, 2010) (court granted leave to file reply to defendant's response containing arguments based on recent Supreme Court opinion); *Honig v. Comcast of Georgia I, LLC*, 537 F. Supp. 2d 1277, 1286 n.5 (N.D. Ga. 2008) ("[R]eceiving fully briefed arguments and responses interpreting a new and relevant case … is a valid reason for granting leave to file a surreply.").

For all of these reasons, Plaintiffs respectfully request that the Court permit Plaintiffs to file a ten-page reply brief to respond to Defendants' new arguments and evidence.

Dated: April 24, 2013        /s/ Bart D. Cohen

H. Laddie Montague, Jr.
Bart D. Cohen
Jennifer MacNaughton
BERGER & MONTAGUE
1622 Locust Street
Philadelphia, PA 19103
Phone: (215) 875-3000
Fax: (215) 875-4604
E-mail: bcohen@bm.net

Linda P. Nussbaum
GRANT & EISENHOFER P.A.
485 Lexington Avenue
29th Floor
New York, NY 10017
Phone: (646) 722-8500
Fax: (646) 722-8501
E-mail: *lnussbaum@gelaw.com*

Gregory Asciolla
LABATON SUCHAROW LLP
140 Broadway
New York, NY 10005
Phone: (212) 907-0700
Fax: (212) 818-0477
E-mail: *bpersky@labaton.com*

*Interim Co-Lead Counsel for Direct Purchaser
Class Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Motion for Leave to File Reply Brief in Support of Direct Purchaser Plaintiffs' Objections to the Report and Recommendation and accompanying exhibits to be served electronically on counsel for all parties via ECF this 24th day of April, 2013.

      /s/ Jennifer MacNaughton
Jennifer MacNaughton
