**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE:  PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to: | Case No. 8:10-md-2173-JDW-EAJ |
| Case No. 8:10-CV-1158<br>Case No. 8:10-CV-1358<br>Case No. 8:10-CV-1825<br>Case No. 8:10-CV-2089<br>Case No. 8:10-CV-2090<br>Case No. 8:10-CV-2091<br>Case No. 8:10-CV-2418<br>Case No. 8:10-CV-1840<br>Case No. 8:11-CV-2599 | Hon. James D. Whittemore<br>Hon. Elizabeth A. Jenkins |

**DEFENDANT TRANSITIONS OPTICAL, INC.'S MOTION TO SEAL THE EXPERT REPORT OF LAUREN J. STIROH, PH.D.**

Pursuant to Local Rule 1.09, Defendant Transitions Optical, Inc. ("Transitions") respectfully moves this Court for an order sealing the unredacted version of the Expert Report of Lauren J. Stiroh, Ph.D. ("Stiroh Report") attached as Exhibit A to the Declaration of Daniel P. Weick in Support of Defendant Transitions Optical, Inc.'s Response to Indirect Purchaser End-User Plaintiffs' Objections to the Magistrate Judge's Report & Recommendation ("Weick Declaration").  (Dkt. 520, filed June 21, 2013).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

1.     The Protective Order entered in these MDL proceedings states:

> Pursuant to Middle District of Florida Local Rule 1.09, the parties are authorized to file documents containing CONFIDENTIAL or HIGHLY CONFIDENTIAL information under seal provided that the filing party also files a public version of the document that is appropriately redacted to protect any CONFIDENTIAL or HIGHLY CONFIDENTIAL information from disclosure.[1] Stipulated Protective Order ¶ 12 (Dkt. 111 Ex. 1).

2.     On June 21, 2013, Transitions filed its Response to Indirect Purchaser End-User Plaintiffs' Objections to the Magistrate Judge's Report & Recommendation.

3.     Transitions filed the Weick Declaration concurrently with its Response to Plaintiffs' Objections.  The Weick Declaration attached the Stiroh Report as a redacted exhibit.  The unredacted version of the Stiroh Report was not filed because it reflects information designated Confidential or Highly Confidential by the Defendants or Plaintiffs, or Highly Confidential – Outside Counsel's Eyes Only by a third party.

4.     Transitions redacted the minimum amount necessary of the Stiroh Report to protect the confidentiality interests of the parties and non-parties.  *See* Declaration of Daniel P. Weick in Support of Motion to Seal ("Motion to Seal Decl.") ¶ 1.

5.     Defendants propose that the Stiroh Report in its unredacted form should be ordered sealed for the benefit of the Court's review of the pending objections in connection

---

[1]     *See* Order dated March 31, 2011 (Dkt. 112) regarding Joint Motion for Entry of Stipulated Protective Order (Dkt. 111) and proposed Stipulated Protective Order (Dkt. 111 Ex. 1); and  Order dated December 29, 2011 (Dkt. 206) regarding Joint Motion to Modify the Protective Order Dated March 31, 2011 for Third-Party Materials Only (Dkt. 203) (collectively, the "Protective Order").

with its review of the Report & Recommendation in accordance with the Protective Order. *See* Motion to Seal Decl. ¶ 2.

6.     The document subject to this Motion to Seal is the Stiroh Report.  Transitions has designated this document Highly Confidential pursuant to the Protective Order because (a) it contains and relies extensively upon material designated Confidential or Highly Confidential by various producing parties in this action; (b) it analyzes this confidential information, discussing in detail the business strategy of Transitions and other industry participants, terms of contracts, payments, and pricing; and (c) it draws conclusions about the effects of Transitions' agreements and the validity of Dr. French's damages calculation methods and models based on this information.  *See* Motion to Seal Decl. ¶ 3.

7.     The Court has previously granted the parties' motions to file certain materials under seal in connection with the briefing on class certification.  On July 19, 2012, Indirect Purchaser End-User Plaintiffs filed an unopposed motion to seal the unredacted version of their opening class certification brief and certain exhibits in support thereof.  Dkt. 304.  On July 30, 2012, this Court granted that motion.  Dkt. 305.  On August 21, 2012 the Direct Purchaser Plaintiffs filed an unopposed motion to seal the unredacted version of their opening class certification brief and certain exhibits in support thereof.  Dkt. 309.  This Court granted that motion on August 22, 2012.  Dkt. 310.  On September 17, 2012, Defendants filed unopposed motions to seal the unredacted versions of their opposition briefs to the class certification motions and certain exhibits in support thereof.  Dkt. 327 & 328.  This Court granted those motions on September 18, 2012.  Dkt. 331 & 332.  On October 19, 2012, the Indirect Purchaser End-User Plaintiffs filed an unopposed motion to seal the unredacted

version of their class certification reply brief and certain exhibits in support thereof.   Dkt.
367.   This Court granted that motion on October 22, 2012.   Dkt. 369.   On October 24, 2012
the Direct Purchaser Plaintiffs filed an unopposed motion to seal the unredacted version of
their class certification reply brief and certain exhibits in support thereof.   Dkt. 371.   This
Court granted that motion on November 2, 2012.   Dkt. 387.   On April 9, 2013, Defendants
files an unopposed motion to seal the unredacted version of their response brief to Direct
Purchaser Plaintiffs' objections to the Magistrate Judge's Report & Recommendation on
their class certification motion and certain exhibits in support thereof.   Dkt. 497.   This Court
granted that motion on April 12, 2013.   Dkt. 501.   The instant Response to Plaintiffs'
Objections is based largely on similar legal and factual underpinnings.

## II.   <u>NECESSITY AND DURATION OF SEALING</u>

8.     Good cause exists to seal the unredacted Stiroh Report because, if made
public, this document would provide outside entities and individuals doing business in the
industry with information certain parties and non-parties to these proceedings consider to be
proprietary and commercially sensitive, including sales and marketing strategies, financial
incentives Transitions made available to specific customers, and other business practices.
*See* Motion to Seal Decl. ¶ 4.

9.     The Stiroh Report must be included in Transitions' Response to Plaintiffs'
Objections because the expert testimony bears on the factual assertions made in Plaintiffs'
Objections, the workability of Dr. French's methods, and the ability of Plaintiffs to meet their
burden of establishing impact and damages through common proof.    *See* Motion to Seal
Decl. ¶ 5.

4

10.     Transitions proposes to seal the unredacted version of the Stiroh Report only until the conclusion of this litigation, and within sixty (60) days thereafter the Stiroh Report may be returned to Transitions or destroyed.

### III.     MEMORANDUM OF LAW

11.     There is a common law right of access to judicial proceedings.  *Chicago Tribune Co. v. Bridgestone Tire, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2006).  Regarding the public's common-law right of access to judicial records, the Eleventh Circuit determined that the "rule is that material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." *Id.* at 1312.

12.     However, a common-law right of access is by no means absolute, as it may be overcome by a showing of good cause.  *Romero v. Drummond Co., Inc.,* 480 F.3d 1234, 1245 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309).  "If it were otherwise and discovery information and discovery orders were readily available to the public and the press, the consequences to the smooth functioning of the discovery process would be severe." *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986).  The good cause standard balances the "asserted right of access against the other party's interest in keeping the information confidential."  *Chicago Tribune*, 263 F.3d at 1309.  Moreover, the existence of good cause is determined by the nature and character of the information in question. *Romero*, 480 F.3d at 1246 (quoting *Chicago Tribune*, 263 F.3d at 1315).

13.     "The Eleventh Circuit has instructed: 'in balancing the public interest in accessing court documents against a party's interest in keeping the information confidential,

courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" *MEDai, Inc. v. Quantros, Inc.,* No. 6:12-cv-840-Orl-378GJK, 2012 WL 2512007, at *2 (M.D. Fla. Jun. 29, 2012) (quoting *Romero*, 480 F.3d at 1246).

14.    In conducting this balancing test, courts have found that "a company's interest in the privacy of its financial records and the terms of confidential agreements . . . often outweigh the public right of access." *Id*. at *2 (citing *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel Co*., No. 3:10-cv-891-J-JBT, 2010 WL 6790538 (M.D. Fla. Oct. 28, 2010).

15.    The factors of the balancing test weigh strongly in favor of sealing the material.  Notably, Transitions' and non-parties' privacy concerns and the risk of harm to Transitions and non-parties strongly favor sealing the Stiroh Report.  The Stiroh Report contains information that Transitions and non-parties consider business proprietary or competitively sensitive, including details concerning corporate financial information; agreements with customers (including price terms); confidential business strategy; and pricing.  *See* Motion to Seal Decl. ¶¶ 3-4.  Allowing access to the unredacted Stiroh Report could impair Transitions' and non-parties' legitimate privacy interests and could provide their customers and competitors with access to business-sensitive pricing, strategy, financial, and customer-related information.

16.     In addition to the privacy interests and risk of harm at stake, none of the other *Romero* factors nor any other prudential considerations weigh against sealing the Stiroh Report.  The Court will have access to the unredacted version of the Stiroh Report, and thus the Court's administration of this case will not be impeded if it is filed under seal.  The confidential material at issue pertains to Transitions' and non-parties' business dealings and not public officials or public concerns.  In addition, sealing the unredacted Stiroh Report and submitting redacted copies for public filing is the least restrictive method available for protecting this information.

17.     The Court granted the parties' previous motions to seal various class certification filings, noting that they had shown good cause.  Dkt. 305, 310, 331, 332, 369, 387, & 501.   Transitions ask that the Court find the same good cause in this closely analogous situation.

## IV.     PLAINTIFFS' OBJECTIONS TO THIS MOTION ARE IRRELEVANT AND MERITLESS

18.     Plaintiffs have stated they will oppose the instant motion because they object to the Court's review of the Stiroh Report in connection with its resolution of Plaintiffs' Objections.  In the first place, that objection has no relevance to the instant motion to seal. Plaintiffs do not and cannot contest that the Stiroh Report reflects protected material that should not be made public.  Indeed, Plaintiffs have sought sealing of similar material on multiple occasions, as noted above.  The Court should thus disregard Plaintiffs' decision to engage in gamesmanship over what has up to now been a reasonably uncontentious aspect of this litigation.

19.     Moreover, Plaintiffs' objection is meritless.  Plaintiffs received Dr. Stiroh's report on December 3, 2012, and thus had more than sufficient notice of her critique of Dr. French's opinions prior to filing their Objections.  Plaintiffs still chose to rely principally on Dr. French's merits expert reports rather than their class certification expert report in their Objections.  The Court has every reason to consider Dr. Stiroh's assessment of Dr. French's methodologies as part of determining whether those methodologies meet Plaintiffs' burden of proof under Federal Rule of Civil Procedure 23.

20.     Further, Local Rule 6.02(a) expressly allows the district judge to "receive further evidence" in connection with a review of a magistrate judge's report and recommendation.  Indeed, Plaintiffs themselves submitted and relied upon selections from Dr. French's reply report with their Objections.  *See* Dkt. 515-1.  That evidence was not before Judge Jenkins at the class certification hearing since it was served seven weeks after the class certification hearing.  Indeed, she could not even have considered it because it was not filed with the Court until June 8, 2013, after the Report and Recommendation.  By entering new evidence from their expert with their Objections, Plaintiffs have waived any objection to Transitions doing so in turn.

21.     In the end, Plaintiffs cannot claim that they were entitled to rely on Dr. French's merits reports in their Objections and then claim Defendants are not entitled to provide the Court with contrary expert analysis to assist the Court in evaluating Plaintiffs' evidence.  The Stiroh Report is precisely the type of "rebuttal evidence" the Court has previously allowed into the record.  *See* Dkt. 413.  The Court should thus reject Plaintiffs'

position and receive the unredacted version of the Stiroh Report under seal so it can make an informed assessment of the economic issues raised by Plaintiffs' Objections.

22.     Lastly, to the extent Plaintiffs attempt to "oppose" this motion by arguing the merits of their class certification motion and Objections or critiquing Transitions' responsive brief and evidence, such an "opposition" should be disregarded as a transparent attempt to file a reply brief without leave of the Court in violation of the local rules.  *See* L.R. 3.01(d).

## V.     <u>CONCLUSION</u>

For the foregoing reasons, Transitions respectfully requests that the Court seal the unredacted version of the Stiroh Report until the conclusion of this litigation.

Dated: June 21, 2013                        Respectfully submitted,

                                            WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation

                                            /s/ Jonathan M. Jacobson
                                                Jonathan M. Jacobson

                                            Chul Pak
                                            Daniel P. Weick
                                            1301 Avenue of the Americas
                                            40th Floor
                                            New York, NY  10019
                                            Telephone: (212) 497-7758
                                            Facsimile: (212) 999-5899
                                            Email: jjacobson@wsgr.com

                                            Lisa A. Davis
                                            650 Page Mill Road
                                            Palo Alto, CA 94304
                                            Telephone: (650) 320-4526
                                            Facsimile: (650) 493-6811
                                            Email: ldavis@wsgr.com

                                            *Attorneys for Defendant Transitions Optical, Inc.*

10

**<u>Certificate of Service by Electronic Means</u>**

The undersigned hereby certifies that the preceding document was caused to be served electronically this 21st day of June 2013 with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/  Jonathan M. Jacobson
Jonathan M. Jacobson
