UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE: PHOTOCHROMIC LENS
ANTITRUST LITIGATION

MDL Docket No. 2173

Case No. 8:10-md-02173-T-27EAJ

_____/

## ORDER

**BEFORE THE COURT** is Vision Service Plan's ("VSP") Motion to Intervene (Dkt. 539), the Opposition of Defendant Transitions Optical, Inc. (Dkt. 549), the Opposition of Defendant Essilor of America, Inc. (Dkt. 551), and the opposition of the Indirect Purchaser End-User Plaintiffs (Dkt. 554). Upon consideration, VSP's Motion to Intervene is DENIED.

Concerned that the proposed classes will not be certified and that "its rights will not be pursued through the class action process," VSP seeks leave to intervene for the "limited purpose of moving to unseal the documents listed in Exhibit A." VSP describes itself as "an eye care benefits insurer," which "purchases well over one million pairs of lenses" with Transitions' photochromic treatments annually, "the vast majority of them from Essilor of America, Inc. and Essilor Laboratories of America, Inc."[1] VSP considers itself a member of the putative class of direct purchasers, as well as a possible member of the putative class of indirect purchasers.

Rule 24(b), Fed.R.Civ.P., on which VSP relies, vests discretion in the Court to permit or deny permissive intervention. *Worlds v. Dep't of Health and Rehabilitative Servs., State of Fla.*, 929 F.2d 591, 595 (11th Cir. 1991). With respect to VSP's concerns about the prospects for class certification, its interests as a member of the putative classes are currently being represented and protected.

---

[1] In opposing VSP's Motion to Intervene, the Essilor Defendants understandably voice substantial concerns with having their "commercially sensitive information" made available to VSP.

1

Permissive intervention is therefore unnecessary, absent other persuasive reasons. *See Gabriel v. Standard Fruit & S. S. Co.,* 448 F.2d 724, 725 (5th Cir. 1971) (unless prospective intervenor establishes that representation within existing class inadequate to protect its interests, and it has an interest in the litigation which might be impaired by the disposition of the case, permissive intervention not required). The question of class certification remains under consideration, and has been the subject of extensive (and exhaustive) briefing, as well as substantial judicial energy and resources. Moreover, the question of whether certain documents and information designated as confidential or highly confidential should remain protected under the protective order has been the subject of extensive (and exhaustive) briefing. Additional briefing incident to VSP's proposed motion will only prolong a resolution of those issues and detract from the merits of class certification.

Moreover, the focus of VSP's intervention has been the subject of numerous motions and orders, which need not be re-litigated at this stage of the case. Earlier in this litigation, the parties' Joint Motion for Entry of Stipulated Protective Order was granted based on a finding of good cause (Dkt. 112; *modified at* Dkt. 206).[2] The protective order was appropriate because the parties anticipated that discovery would include "extensive cost, forecasting, production, and pricing data that may provide the parties' suppliers and customers a commercial advantage in subsequent negotiations," as well as "proprietary information received from third parties who provided that information with the expectation that it would remain confidential." (Dkt. 111 at 2); *see In re Alexander Grant & Co. Litig.,* 820 F.2d 352 (11th Cir. 1987).[3] Indeed, "[t]he parties, as well as third

---

[2] To the extent that the order sealing certain discovery has expired, the fact remains that there is no presumptive right of access to discovery materials. *Romero v. Drummond Co.,* 480 F.3d 1234, 1245 (11th Cir. 2007).

[3] The right of access to judicial documents is not absolute, and the exercise of judicial discretion to protect information "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question . . . . [T]he common-law right of access requires a balancing of competing interests." *F.T.C. v. AbbVie Prods. LLC,* 713 F.3d 54, 62 (11th Cir. 2013) (quoting *Chicago Tribune Co. v.*

parties who have participated in discovery while relying on the Protective Order, are competitors as well as each others' suppliers and customers . . . ." (Dkt. 552; O'Reilly Declaration, ¶ 1).

As the case progressed, leave has been granted to file unredacted pleadings and exhibits under seal to facilitate meaningful argument without concerns that confidential commercial information would be publicly disseminated. These orders have been entered only after good cause was demonstrated, and with a directive that redacted copies were to be filed on the docket (*see* Dkts. 240, 305, 310, 331, 332, 369, 387, 501, and 524).[4] And in addition to approving the Joint Motion for Entry of Stipulated Protective Order, that Order imposed appropriate restrictions on the prospective sealing of any documents filed in the case, in recognition of the common law right of access to judicial records (Dkts. 112, 206).[5]

In reliance on and in accordance with these orders, the parties (and third parties) have conducted discovery and filed redacted pleadings with the assurance that any commercially sensitive and proprietary information produced or disclosed would not be subject to public dissemination. By virtue of the nature of the information protected, public disclosure would necessarily prejudice their proprietary interests, as well as impair their competitive strategies and abilities.

Finally, the Order granting the parties' Joint Motion for Entry of Stipulated Protective Order was entered on March 31, 2011 (Dkt. 112). And the several orders authorizing the sealing of unredacted pleadings were entered months and years ago. VSP could have sought leave to oppose

---

*Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir.2001)).

[4] Implicit in each of the good cause findings is a recognition that competitively sensitive commercial information, including trades secrets and other confidential proprietary information of parties and third parties, should be protected from public disclosure. This information includes "business strategies and operating plans, pricing strategy, sales aggregated across customers, general marketing, advertising, or promotional plans, competition, competitors, or competing products, transactions or potential transactions with customers and suppliers, and customer-specific pricing." (Dkt. 552, O'Reilly Declaration, ¶ 2).

[5] As Transitions points out, VSP offers in the alternative to accept copies of unredacted pleadings and agrees to maintain the confidentiality of the information contained therein. That proposal somewhat undermines VSP's reliance on right of access principles. In any event, the request to intervene is appropriately addressed without regard to the merits of VSP's proposed Motion to Unseal. *See In re CP Ships Ltd.*, MDL Case No. 8:05-md-1656-T-27TBM, 2008 WL 2473684 (M.D. Fla. June 19, 2008) (Whittemore, J.)

any particular motion or challenge a particular order long ago, rather than waiting until class certification was hanging in the balance.[6]

Under the circumstances, whatever VSP's interest is in seeking access, that interest does not justify subjecting the parties and third parties who relied on the Court's protective orders to a re-litigation of the propriety of sealing and redacting pleadings at this stage of the litigation when more pressing matters are under consideration by the Court.[7] Permissive intervention is simply unwarranted, unnecessary, and untimely.

**DONE AND ORDERED** on this 21st day of October, 2013.

JAMES D. WHITTEMORE
**United States District Judge**

copies: counsel of record

---

[6] Rule 24(b) provides: "Permissive Intervention. Upon *timely* application anyone may be permitted to intervene in an action . . . ." (emphasis added). There are no unusual circumstances mitigating for or against a determination that VSP's motion is timely. Considering the passage of time between entry of the protective order, the orders authorizing the sealed pleadings, the prejudice to the parties and third parties which could have been avoided or mitigated by an earlier application to intervene, the fact that VSP's interest as a member of the putative classes is represented, and the availability of discovery to VSP if it chooses to file its own lawsuit against Defendants, the instant motion is untimely under the relevant four factor test. *Reeves v. Wilkes*, 754 F.2d 965, 968 (11th Cir. 1985) (district court must consider four factors in assessing timeliness: (1) the length of time during which the would-be intervenor knew or reasonably should have known of his interest in the case before he petitioned for leave to intervene; (2) the extent of prejudice to the existing parties as a result of the would-be intervenor's failure to apply as soon as he knew or reasonably should have known of his interest; (3) the extent of prejudice to the would-be intervenor if his petition is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely); *United States v. Jefferson County*, 720 F.2d 1511, 1516 (11th Cir. 1983) (timeliness analysis the same whether intervention sought as matter of right or permissive).

[7] As Defendants correctly point out, in the event the putative class of which VSP is a member is not certified and VSP chooses to file its own action, VSP will be able to conduct discovery and therefore will not be prejudiced from being denied leave to intervene.