**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| IN RE PHOTOCHROMIC LENS ANTITRUST LITIGATION | MDL Docket No. 2173 |
| This document relates to cases:<br><br>8:10-cv-0984-T-27<br>8:10-cv-1850-T-27<br>8:10-cv-2044-T-27<br>8:10-cv-2051-T-27<br>8:10-cv-2171-T-27 | Case No. 8:10-md-02173-JDW-EAJ<br><br>Hon. James D. Whittemore |

**DIRECT PURCHASER PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND CONSOLIDATED AMENDED COMPLAINT**

Direct Purchaser Plaintiffs ("DPPs") submit this motion for leave to file DPPs' Second Consolidated Amended Complaint ("SCAC") pursuant to Fed. R. Civ. P. 15(a)(2) for the sole purpose of adding Essilor International, S.A. ("EI") as a defendant. DPPs previously entered into a written agreement with EI and Defendants Essilor of America Inc. ("EOA") and Essilor Labs of America Inc. ("ELOA"), in which DPPs agreed to voluntarily dismiss EI on the condition that they could rename EI as a defendant at a later date upon a good faith basis. *See* Declaration of Gregory S. Asciolla ("Asciolla Decl."), Ex. 1.

That time has come. On July 29, 2013, EI announced that it was purchasing for $1.73 billion PPG Industries Inc.'s ("PPG") 51 percent stake in Defendant Transitions Optical, Inc. ("TOI"), a joint venture between PPG and EI. Following the transaction, EI will have 100 percent ownership and total control of TOI, as it previously held a 49 percent minority interest in the joint venture. Thus, EI can no longer be considered a non-essential party to this litigation. Accordingly, DPPs seek to file the SCAC to add EI as a defendant in this action. Asciolla Decl.,

Ex 4 (redline version of DPPs' proposed SCAC) and Ex. 5 (clean version of DPPs' proposed SCAC)[1].

## RELEVANT BACKGROUND

This action started with the filing of a number of class action complaints around the country naming EI, among other entities, as a defendant because of its participation in a conspiracy to restrain trade and monopolize the market for photochromic lenses. The cases were ultimately transferred to this Court by the MDL Panel for consolidation of pre-trial proceedings.

On October 18, 2010, prior to DPPs filing their first consolidated amended complaint ("CAC"), DPPs agreed to dismiss EI from the litigation without prejudice in light of EOA and ELOA's agreement to provide documents they produced in connection with the Federal Trade Commission's investigation of TOI. However, the agreement permitted DPPs to rename EI as a defendant "at a later date should the Direct Purchasers have a good faith basis for doing so." Asciolla Decl., Ex. 1.[2] DPPs filed their CAC on November 19, 2010, and per the agreement, EI was not named as a defendant. [ECF No. 89].

On July 29, 2013, EI announced that it was purchasing PPG's 51 percent stake in TOI for $1.73 billion. *See* Asciolla Decl., Ex. 2. Following the transaction, EI will have 100 percent ownership and full control TOI. The acquisition is set to be consummated in the beginning of the second quarter of 2014. Laurent Vacherot, EI's COO, stated on a February 27, 2014 earnings call that EI has "obtained seven out of the eight antitrust authority agreements. There is just one

---

[1] The Second Consolidated Amended Complaint is tendered unredacted pursuant to this Court's order of June 7, 2011. *See* ECF No. 127.

[2] The letter agreement also provides that EI agreed "that any antitrust claims against it relating to the distribution or sale of Transitions photochromic lenses shall related back to the date of filing the first complaint in which Essilor International was named as a defendant, and further that Essilor International shall not assert any statute of limitations, laches, or similar time-related defense with respect to that interval of time." *Id.*

left and we are confident. We think that we will close this deal at the beginning of Q2 this year."
*See* Asciolla Decl., Ex. 3, at 9.

On February 3, 2014, DPPs sent a letter to Essilor's counsel apprising them that the acquisition would satisfy the "good faith basis" for adding EI as a defendant in an SCAC. *See* Asciolla Decl., Ex. 6. On February 28, 2014, the parties met and conferred on the issue as required by Local Rule 3.01(g). Counsel for the Essilor entities did not consent to DPPs' request, and thus DPPs bring the instant motion.

## **ARGUMENT**

The parties' October 18 agreement clearly permits DPPs to rename EI as a defendant in this action provided DPPs have a good faith reason for doing so. EI's acquisition of the remaining stake in TOI provides that basis. EI's absolute control and ownership of TOI makes it an indispensable party in the litigation, and thus satisfies the good faith basis for renaming it as a defendant. In addition, many documents already produced in the litigation show EI and its employees to be key actors in acts in furtherance of the conspiracy and in the conduct of the business of TOI and the TOI board of directors. Should this case be tried, EI employees should be key trial witnesses testifying as to critical events and authenticating key documents as trial exhibits. EI witnesses who were participants and who wrote incriminating documents should be required to testify in the United States as witnesses of a party defendant. EI's acquisition of complete ownership and total control over TOI casts a new light on the degree of EI's control over TOI and its role in the wrongful conduct while it was a 49% owner. The interests of justice and economy will be served by EI's inclusion in this litigation as a party defendant going forward.

Renaming EI as a defendant would not violate any principles of fair notice because EI agreed to the possibility of being renamed – with no time limitations – in the October 18 letter. Indeed, EI was on notice of the claims against it as early as the filing of most of the pre-CAC DPP complaints,[3] which included EI as a defendant. Moreover, the allegations of unlawful conduct in the CAC included, by definition, conduct by EI, even though it was not a named defendant. *See* CAC ¶ 22 (defining EI, EOA and ELOA as "Essilor"); ¶¶ 52-113 (alleging unlawful conduct by "Essilor"). DPPs proposed SCAC simply renames EI as a defendant and modifies only six paragraphs which identify and define EI as a defendant and reflect the subsequent acquisition – *all* of the unlawful conduct previously attributed to EI in the CAC remains the same. *See* Asciolla Decl., Exs. 4 & 5, at ¶¶ 1, 19-21, 23-24.

Nor will renaming EI as a defendant prejudice it or the other Defendants in any way. First, as explained above, EI, as well as the other Essilor entities, was on fair notice that it could be renamed and of the allegations of unlawful conduct against it. Next, there will be no burden on EI and the other Defendants, nor will there be any undue delay in the litigation. DPPs do not intend to seek any additional discovery against EI or the other Defendants, including documents or depositions. Finally, filing the SCAC will not prejudice the substantive defenses claimed by the Essilor defendants because the parties agreed that the Essilor defendants were not waiving any claims or defenses, apart from time-related defenses such as statute of limitation or laches. *See* Asciolla Decl., Ex. 1.

Courts routinely grant leave to amend complaints under Fed. R. Civ. 15(a)(2) "when justice requires it." *See, e.g., Fellner v. Cameron*, No. 2:10-cv-155, 2011 WL 4382184, at *3

---

[3] *B&B Eyes, Inc. v. Transitions Optical, Inc. et al.*, 8:10-cv-00984 (M.D. Fla.), ECF No. 1, at ¶ 8; *Optical Supply, Inc. v. Transitions Optical, Inc., et al.*, 8:10-cv-02042 (S.D. Fla.), ECF No. 1, at ¶ 8; *Carmel Mountain Vision Care v. Transitions Optical, Inc., et al.*, 8:10-cv-02044 (D.D.C.), ECF No. 1, at ¶ 9; *Florida Optical Express, Inc. v. Transitions Optical, Inc., et al.*, No. 8:10-cv-02171 (N.D. Tex.), ECF No. 1, at ¶ 8.

(M.D. Fla. Sept. 20, 2011); *Ajax Paving Indus. Inc. v. Am. Home Assurance Co.*, No. 8:10-cv-2508, 2011 WL 1188699, at *1 (M.D. Fla. Mar. 30, 2011). EI cannot claim that granting DPPs leave to amend would cause undue delay, or was the product of bad faith or dilatory motive, or that the amending the CAC would be futile. *See Ajax Paving Indus.*, 2011 WL 1188699, at *1 (describing the reasons why a court would deny leave to amend) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). As explained above, EI agreed to the possibility of being renamed as a defendant, agreed to waive any time-barred defenses, and preserved any other claims or defenses it might have. Further, DPPs will not be taking any additional discovery of EI or otherwise delay the present course of the litigation. Finally, the addition of EI as a defendant will not be futile, as all of the substantive allegations against it in the CAC were upheld by the Court.

## CONCLUSION

For the foregoing reasons, DPPs respectfully request that the Court grant their motion for leave to file a SCAC.

Dated: April 2, 2014

                                              **LABATON SUCHAROW LLP**

                                              */s/ Gregory S. Asciolla*
                                              Gregory S. Asciolla
                                              Matthew J. Perez
                                              140 Broadway
                                              New York, NY 10005
                                              Telephone: (212) 907-0700
                                              Fax: (212) 818-0477
                                              E mail: gasciolla@labaton.com

                                              **BERGER & MONTAGUE, P.C**.
                                              H. Laddie Montague, Jr.
                                              Bart D. Cohen
                                              Jennifer MacNaughton
                                              1622 Locust Street
                                              Philadelphia, PA 19103
                                              Telephone: (215) 875-3000

Fax: (215) 875-4604
E mail: hlmontague@bm.net

___/s/ Linda P. Nussbaum_____
**GRANT & EISENHOFER P.A.**
Linda P. Nussbaum
Susan R. Schwaiger
485 Lexington Avenue, 29th Floor
New York, NY 10017
Telephone: (646) 722-8500
Fax: (646) 722-8501
E mail: lnussbaum@gelaw.com

*Interim Co-Lead Counsel for the Direct Purchaser Plaintiffs*

6

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 2, 2014, I electronically filed the foregoing Direct Purchaser Plaintiffs' Motion for Leave to File Second Consolidated Amended Complaint, the Declaration of Gregory S. Asciolla in Support of Direct Purchaser Plaintiffs' Motion for Leave to File Second Consolidated Amended Complaint and exhibits thereto, and [Proposed] Order with the Clerk of the Court by using the CM/ECF system and notification and service will be provided to counsel of record via the CM/ECF notification system.

Dated: April 2, 2014

                                                      /s/ Linda P. Nussbaum
                                                         Linda P. Nussbaum